Alejandro P. **TABLAZON**, Appellant,

v.

Jesse **BROWN**, Secretary of Veterans Affairs, Appellee.

No. 94–597.

United States Court of Veterans Appeals.

Nov. 16, 1995.

Alejandro P. Tablazon, pro se.

Mary Lou Keener, General Counsel, Atlanta, GA; Norman G. Cooper, Assistant General Counsel; Thomas A. McLaughlin, Deputy Assistant General Counsel; and Sara B. Lake, Washington, DC, were on the pleadings for appellee.

Before NEBEKER, Chief Judge, and KRAMER and MANKIN, Judges.

KRAMER, Judge:

The Court issued a decision on October 23, 1995, with respect to the appeal of the appellant, Alejandro P. Tablazon, from a March 31, 1994, decision of the Board of Veterans' Appeals (Board or BVA) which had determined that the appellant had not submitted new and material evidence to reopen a claim of entitlement to service connection for osteoarthritis and/or gouty arthritis of the lumbar spine and left lower extremity. The Secretary had moved for remand so that an appeal to the Board, long pending before VA, could proceed. The previous decision of the Court is vacated and this decision issued in its stead.

## I. PROCEDURAL BACKGROUND

The appellant had recognized service as a Philippine Scout from May 1946 to April 1949. Record (R.) at 37, 39. In April 1975, the appellant filed a VA Form 21–526, Application for Compensation or Pension, which stated that he had incurred arthritis, malaria, and hypertension in service. R. at 25–28. The application contained a notation at the top indicating that the appellant had filed an informal claim in August 1974. In November 1975, the Manila VA regional office (RO) denied entitlement to service connection for arthritis, malaria, and hypertension. R. at 44. Although the rating decision indicates that this was a "reopened claim," this decision appears to be the first rating decision with respect to arthritis. It appears that the appellant may have had a previous claim of service connection for malaria in June 1949 (see R. at 15–16), but there is no prior rating decision of record.

In May 1976, the appellant filed a Notice of Disagreement (NOD) with the Manila VARO, stating that he disagreed with and wanted to appeal the November 1975 rating decision. R. at 48–51. It does not appear that a Statement of the Case (SOC) was issued in response to the May 1976 NOD.

In August 1990, the appellant filed a VA Form 21–526, Application for Compensation or Pension, which stated that he had incurred gouty arthritis and osteoarthritis in service. Supplemental (Suppl.) R. at 66–69. In October 1990, VA sent the appellant a letter which stated that he was not eligible for pension benefits. Suppl.R. at 71. The appellant filed a VA Form 1–9, Appeal to the BVA, in December 1990. R. at 53. In April 1991, the BVA denied eligibility for non-service-connected disability pension benefits. See R. at 56. In December 1992, the Court affirmed the BVA decision with respect to the pension issue, but remanded for consideration of the appellant's claims that he had incurred gouty arthritis and osteoarthritis in service. R. at 56–57.

In August 1993, the BVA issued a decision remanding the case to the VARO for adjudication of the issue of whether new and material evidence had been submitted to reopen the claim of service connection for osteoarthritis and/or gouty arthritis. R. at 59–61. In September 1993, the VARO determined that new and material evidence had not been submitted to reopen the appellant's claim of service connection for "osteoarthritis and/or gouty arthritis of the lumbar spine and left lower knee (formerly claimed as arthritis)." R. at 86. The appellant filed an NOD that same month. R. at 81–87. An SOC was issued in October 1993. R. at 88–91. An October 1993 decision on administrative review upheld the prior decision. R. at 94–95. A Supplemental SOC was issued later that month. R. at 100–03. The appellant filed a VA Form 9, Appeal to the BVA, shortly thereafter.

In March 1994, the BVA determined that the appellant had not submitted new and material evidence to reopen his claim of entitlement to service connection for osteoarthritis and/or gouty arthritis of the lumbar spine and left lower extremity. R. at 3–8. The BVA noted in its decision that the VARO had denied entitlement to service connection for arthritis in November 1975 and that that determination was final. R. at 3.

The appellant filed a Notice of Appeal with the Court in July 1994. In April 1995, the Secretary filed a motion for remand. In his motion, the Secretary stated that remand was necessary because VA had failed to issue an SOC, thus depriving the appellant of his

initial right to appeal, and resulting in the BVA's improperly using a "new and material" standard in its August 1993 and March 1994 decisions. Secretary's Motion at 3.

## II. ANALYSIS

 In *Hauck v. Brown*, 6 Vet.App. 518 (1994) (per curiam order), the Court held that where an appellant "never received notification of any denial . . ., the one-year period within which to file an NOD, which commences with 'the date of mailing of notice of the result of initial review or determination,' did not begin to run." *Hauck*, 6 Vet.App. at 519. *See* 38 U.S.C. § 7105(b)(1); *Rowell v. Principi*, 4 Vet.App. 9, 15 (1993); *cf. Ashley v. Derwinski*, 2 Vet.App. 307, 311 (1992) (since BVA did not mail decision in accordance with the provisions of 38 U.S.C. § 7104(e), the 120–day period within which to appeal to this Court did not commence to run). *See also Kuo v. Derwinski*, 2 Vet.App. 662 (1992) (Court stated that where an appellant and his representative had not properly been furnished with an SOC in accordance with 38 U.S.C. § 7105 and the corresponding VA regulations, the period in which to appeal the adjudicative determination in question never commenced to run, and that the determination was, therefore, not final), *vacated on other grounds*, 6 Vet.App. 32 (1993) (per curiam order) (unpublished). Thus, where VA has failed to procedurally comply with statutorily mandated requirements, a claim does not become final for purposes of appeal to the Court.

In the instant appeal, the appellant clearly stated that he disagreed with and wanted to appeal the November 1975 rating decision. R. at 48–51. However, because the RO did not furnish the appellant with an SOC, he was unable to file a formal appeal to the BVA, and the November 1975 rating decision never became final. *See* 38 U.S.C. § 7105; *cf. Hauck, Rowell, Ashley, Kuo, all supra.* The Court notes that the BVA erroneously treated that rating decision as final and required new and material evidence to reopen the appellant's claim of entitlement to service connection for osteoarthritis and/or gouty arthritis. The Court also notes that the BVA failed to take action with respect to the appellant's claims for malaria and hypertension which were also adjudicated in the November 1975 decision. These claims are also still open and no SOC has yet been issued by the VARO. *See EF v. Derwinski*, 1 Vet.App. 324 (1991) (BVA must review all issues which are reasonably raised from a liberal reading of the record). Accordingly, the appellant need not have presented new and material evidence before entitlement to action on his appealed 1976 claims. Indeed, the Secretary essentially agrees, in the motion to remand, that the earlier appeal should proceed. Given the pendency of the prior appeal to the Board, we conclude that there is no final Board decision before us for review. *See* 38 U.S.C. § 7266(a).

## III. CONCLUSION

Upon consideration of the above, this appeal is DISMISSED, and the Secretary's motion for remand is denied.