William E. HEATH, Petitioner,

v.

Togo D. WEST, Jr., Secretary of Veterans Affairs, Respondent.

No. 97–2098.

United States Court of Veterans Appeals.

Aug. 31, 1998.

Jeffrey Wood was on pleadings for petitioner.

John H. Thompson, Acting General Counsel; Ron Garvin, Assistant General Counsel; Carolyn F. Washington, Deputy Assistant General Counsel; and Gregory W. Fortsch were on pleadings for respondent.

Before KRAMER, FARLEY, and STEINBERG, Judges.

KRAMER, Judge:

On November 19, 1997, counsel for the petitioner filed a Petition for Extraordinary Relief in the Nature of a Writ of Mandamus, alleging that the Secretary was wrongfully withholding $10,171.00 owed to the appellant. The Court denied the petition by order on February 24, 1998. Issues with respect to the appellant's application for attorney fees and expenses under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d), are the subject of this opinion. For the reasons that follow, the Court will dismiss the EAJA application for lack of jurisdiction.

## I. RELEVANT BACKGROUND

The Secretary withheld $18,565.80 from an award of past-due benefits made to the petitioner based upon a June 27, 1996, VA regional office decision pending determination of appropriate attorney's fees by the Board of Veterans' Appeals (BVA or Board). Pursuant to a December 12, 1996, Board decision, $8,394.80 was subsequently awarded and paid to the petitioner's attorney. The petitioner's attorney allowed the December 12, 1996, Board decision to become final. The petitioner's counsel sent letters to VA on August 11, 1997, and October 10, 1997, asking for the balance of the monies withheld ($10,171.00) to be released to the petitioner. The Secretary did not respond. On November 19, 1997, counsel for the petitioner filed a Petition for Extraordinary Relief in the Nature of a Writ of Mandamus asking that the Court order the Secretary to pay the petitioner the balance owed. Pursuant to Court orders of December 2, 1997, and January 15, 1998,. the Secretary filed responses to the petition on January 5 and February 6, 1998. The Secretary's responses, supported by detailed accounting statements, demonstrate that, due to a clerical error, in June 1997 the petitioner was mistakenly overpaid by $40,389.00 in connection with the June 1996 decision, that he was promptly made aware of this mistake, that he cashed the erroneous check despite warnings not to do so, and that he had not returned the overpayment. The Secretary further averred that on January 5, 1998, the amount withheld as potential attorney's fees was offset against the amount owed by the petitioner resulting from that overpayment. The Secretary also explained that $1,183.00 per month was being withheld from the petitioner's current benefits to offset the overpayment. *See* 38 U.S.C. § 5314; 38 C.F.R. §§ 1.911, 1.912a (1997). Also attached to the response was a letter dated December 31, 1997, which notified the veteran that the $10,365.20 owed to him would be credited to the amount he owed to VA.

On February 24, 1998, the Court denied the petition. On March 24, 1998, the petitioner filed an EAJA application seeking EAJA fees and expenses and claiming that the petition was a catalyst for the Secretary's January 5, 1998, crediting of $10,171.00 against the petitioner's debt to VA.

## II. ANALYSIS

### A. The Court's Jurisdiction over the Petition

Although the petition in this case was denied on the merits, the Court should

have dismissed it for lack of jurisdiction. As an initial matter, therefore, the Court must consider its authority to revisit its jurisdiction to issue its preliminary orders of December 1997 and January 1998 and its February 1998 order denying the petition. A Court always has the right, in fact the obligation, to examine its jurisdiction, even if it had earlier improperly asserted its jurisdiction. The law-of-the-case doctrine does not bar reconsideration of jurisdictional issues.

> The [law-of-the-case] doctrine is not ... an "inexorable command," [*In re United States Steel Corp. v. Holley,* 479 F.2d 489, 493–94 (6th Cir.1973) ], and there are a number of well-recognized reasons not to apply it. *See Messenger v. Anderson,* 225 U.S. 436, 444, 32 S.Ct. 739, 56 L.Ed. 1152 (1912) (doctrine "merely expresses the practice of courts generally to refuse to reopen what has been decided" and is "not a limit to their power"). *The law of the case doctrine does not foreclose reconsideration of subject matter jurisdiction. See Potomac Passengers Ass'n v. Chesapeake & Ohio Ry. Co.,* 520 F.2d 91, 95 n. 22 (D.C.Cir.1975). A jurisdictional matter can be raised at any stage of a judicial proceeding by any party or by the Court on its own motion. *Fugere v. Derwinski,* 972 F.2d 331, 334 n. 5 (Fed.Cir.1992). In fact, a federal court has the duty to determine its jurisdiction sua sponte even where the issue has not—as it has here—been raised by the parties. *See, e.g., Basso v. Utah Power & Light Co.,* 495 F.2d 906, 909 (10th Cir.1974), *citing Atlas Life Ins. Co. v. W.I. Southern Inc.,* 306 U.S. 563, 59 S.Ct. 657, 83 L.Ed. 987 (1939). Lack of jurisdiction "cannot be waived and jurisdiction cannot be conferred upon a federal court by consent, inaction or stipulation." *Basso,* 495 F.2d at 909, *citing California v. LaRue,* 409 U.S. 109, 112 n. 3, 93 S.Ct. 390, 34 L.Ed.2d 342 (1972).

*Johnson v. Brown,* 7 Vet.App. 25, 27 (1994) (emphasis added). Although *Johnson* can be read as relying, in not following the law-of-the-case doctrine, on an intervening change of law (which is, of course, a different exception not implicated by the facts here), the above-quoted passage is unambiguous and dispositive on the issue of the application of the law-of-the-case doctrine to questions regarding the Court's jurisdiction. Accordingly, the Court concludes that it can properly revisit its jurisdiction to consider the petition on the merits and, for the following reasons, holds that such jurisdiction did not exist for the Court to reach the merits of the petition.

■■■ Pursuant to the All Writs Act (AWA), "all courts established by Act of Congress may issue all writs necessary or appropriate *in aid of their respective jurisdiction.*" 28 U.S.C. § 1651(a) (emphasis added). "[J]urisdiction to issue a writ of mandamus pursuant to the AWA relies upon not *actual* jurisdiction but *potential* jurisdiction." *In the Matter of the Fee Agreement of Cox,* 10 Vet.App. 361, 370 (1997) (*Fee Agreement of Cox I* ), *vacated on other grounds,* 149 F.3d 1360 (Fed.Cir.1998) (*Fee Agreement of Cox II* ). This Court's basic jurisdiction under chapter 72 of title 38, U.S. Code, is limited to reviewing final decisions of the BVA; therefore, "if the Court's granting of the petitioner's petition [for a Court-ordered VA adjudicative decision] would lead to a BVA decision over which the Court would have jurisdiction, the Court would possess jurisdiction to issue a writ of mandamus". *Id.* at 371; *see In the Matter of the Fee Agreement of Wick,* 40 F.3d 367, 373 (Fed.Cir.1994) (Court of Veterans Appeals has jurisdiction under AWA where it would otherwise "be prevented or frustrated from exercising its statutorily granted jurisdiction over a Board decision" but "is not vested with original jurisdiction ... to compel payment" of an attorney's fee). Thus, under *Fee Agreement of Cox I* and *Fee Agreement of Wick,* the Court lacked jurisdiction to grant the writ ordering the relief sought and should have dismissed it accordingly. *See Fee Agreement of Cox I* and *Fee Agreement of Wick,* both *supra.* In this regard, the Court notes that if the petitioner had petitioned the Court to order VA to adjudicate his claim, that would have been an entirely different matter. *See Fee Agreement of Cox II,* 149 F.3d at 1362–63; *Fee Agreement of Cox I,* 10 Vet.App. at 371. However, he did not so petition. Although a claimant seeking the benefit of the administrative process may rightfully invoke our AWA power, he or she may not do so to

obtain a merits decision from us. *See Fee Agreement of Cox I*, 10 Vet.App. at 375–76. To quote from the Federal Circuit's recent *Fee Agreement of Cox II* decision: "It is well established that the AWA does not expand a court's jurisdiction." *Fee Agreement of Cox II*, 149 F.3d at 1363. Furthermore, as the Federal Circuit quoted from the Supreme Court, the "traditional use of the writ in aid of appellate jurisdiction both at common law and in the federal courts has been to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so." *Roche v. Evaporated Milk Ass'n*, 319 U.S. 21, 26, 63 S.Ct. 938, 87 L.Ed. 1185 (1943) (quoted in *Fee Agreement of Cox II*, 149 F.3d at 1364). Therefore, there is no basis under the AWA or the Court's basic jurisdictional statute for this Court to assume the role of adjudicator in the first instance.

### B. The EAJA Application

In *Bazalo v. Brown*, 9 Vet.App. 304, 308 (1996) (en banc), *rev'd on other grounds sub nom. Bazalo v. West*, 150 F.3d 1380 (Fed.Cir.1998), the Court held that an EAJA applicant must submit an application, within the statutory 30–day filing period, that meets each of the jurisdictional requirements set forth in 28 U.S.C. § 2412(d)(1)(B). "[T]he requirements for a complete, non-defective EAJA application are: (1) a showing that the [petitioner] is a prevailing party; (2) a showing that the [petitioner] is eligible for an award [because his net worth does not exceed two million dollars]; (3) an allegation that the government's position is not substantially justified; and (4) an itemized statement of the fees sought." *Bazalo*, 9 Vet.App. at 308; *see Lematta v. Brown*, 8 Vet.App. 504, 507 (1996). Of the enumerated elements, the only one that the Secretary has expressly addressed in his response is whether the petitioner was a prevailing party within the meaning of the statute. The petitioner claims prevailing party status because he asserts that his petition was a catalyst in prompting the Secretary to credit the $10,-171.00 against the petitioner's debt. *See id.* at 509. The Secretary disputes this assertion by arguing that the crediting of the amount owed against the debt was not the relief that the petitioner sought and that it was a mere temporal coincidence that it occurred shortly after the petitioner filed his petition. *See Chandler v. Gober*, 11 Vet.App. 6, 8 (1997). The Court will not resolve this dispute because it will, instead, dismiss the petitioner's application for lack of jurisdiction on other grounds.

The EAJA statute provides that:

> a court shall award to a prevailing party other than the United States fees and other expenses ... incurred by that party in any civil action ..., brought by or against the United States in any court *having jurisdiction of that action*, unless the court finds that the position of the United States was substantially justified or that other special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A) (emphasis added). The implication of the emphasized language is that a Court may not award EAJA fees unless it had jurisdiction to award the relief requested during the merits litigation. In fact, the Court can find no holding by any court that EAJA fees are available where the court lacked jurisdiction over the merits of the claim. *See Finn v. United States*, 856 F.2d 606, 608 (4th Cir.1988); *Rodonich v. House Wreckers Union, Local 95*, 837 F.Supp. 550, 562 (S.D.N.Y.1993), *rev'd on other grounds sub nom. Rodonich v. Senyshyn*, 52 F.3d 28 (2d Cir.1995); *cf. Keene Corp. v. Cass*, 908 F.2d 293, 297–98 (8th Cir.1990) lack of subject-matter jurisdiction under 42 U.S.C. § 1983 precludes award of attorney fees under 42 U.S.C. § 1988; *Latch v. United States*, 842 F.2d 1031, 1033 (9th Cir.1988) (district court not empowered to award attorney fees under 26 U.S.C. § 7430 where it lacked subject matter jurisdiction over underlying tax claim); *Toth v. United Auto., Aerospace and Agric. Implement Workers of America*, 743 F.2d 398, 405 (6th Cir.1984) ("any judgment of recovery (including an attorneys' fees award) [must] be grounded in subject-matter jurisdiction"). Although the above-cited cases appear to deny the claims for attorney fees on the merits, we believe the better course in this

case is to dismiss the petitioner's application for lack of jurisdiction. Just as the AWA does not add to the statutory jurisdiction provided the Court by 38 U.S.C. § 7252(a), *see Fee Agreement of Wick* and *Fee Agreement of Cox I,* both *supra,* the Court holds that the EAJA does not add to the jurisdiction of the Court. *Cf. Latch,* 842 F.2d at 1033 ("it is apparent that 26 U.S.C. § 7430 [the attorney fees statute for tax claims] does not contain an independent grant of subject matter jurisdiction"). As the language of the EAJA makes clear, jurisdiction is a prerequisite to, not a product of, its application. Hence, because the Court lacked jurisdiction to award the relief requested in the petitioner's petition, it also lacks jurisdiction to consider an EAJA application filed in connection with that petition. Therefore, the petitioner's EAJA application must be dismissed.

### III.  CONCLUSION

Upon consideration of the foregoing analysis and the pleadings of the parties, the petitioner's application for reasonable attorney fees and expenses under the EAJA is DISMISSED.