# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 97-1220

WALTER C. HUDSON, APPELLANT,

V.

TOGO D. WEST, JR.,
SECRETARY OF VETERANS AFFAIRS, APPELLEE.

On Appellant's Application for Attorney Fees and Expenses

(Decided  April 25, 2000    )

*Michael E. Wildhaber,* of Washington, D.C., was on the pleadings for the appellant.

*Leigh A. Bradley*, General Counsel; *Ron Garvin*, Assistant General Counsel; *Thomas A. McLaughlin*, Special Assistant to the Assistant General Counsel; and *Michele R. Katina*, of Washington, D.C., were on the pleading for the appellee.

Before NEBEKER, *Chief Judge*, and HOLDAWAY and STEINBERG, *Judges*.

HOLDAWAY, *Judge*, filed the opinion of the Court.  STEINBERG, *Judge*, filed a concurring opinion.

HOLDAWAY, *Judge*: This case is before the Court on the appellant's application for an award of attorney fees and expenses under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412.  In the underlying case on the merits, the appellant appealed a May 1997 Board of Veterans' Appeals (BVA or Board) decision which found that he had not submitted new and material evidence in order to reopen his claim for a mental disorder.  On appeal to this Court, the Secretary conceded that the VA regional office (VARO) had erred by failing to issue a Statement of the Case (SOC) after the appellant had filed a timely Notice of Disagreement (NOD) to a November 1993 VARO decision.  Pursuant to its holding in *Tablazon v. Brown*, 8 Vet.App. 359 (1995), the Court found that the November 1993 VARO decision had not yet become final as a result of the VARO's error, thus precluding the Court from exercising jurisdiction over the matter.  Since it did not have jurisdiction

over the matter, the Court dismissed the appeal in a July 1999 memorandum decision. The Court noted, however, that the appellant's claim before the VARO was still open and accordingly, the appellant was entitled to adjudication at the Board level for his appeal of the November 1993 VARO decision.

Subsequently, the appellant filed a timely application for attorney fees and expenses under EAJA. The Secretary responded to this application by arguing that in order for the Court to award EAJA fees, the Court must have jurisdiction over the underlying action. Since the Court found that it did not have jurisdiction over the May 1997 Board decision and dismissed the appeal, the Secretary averred that the appellant's EAJA application must also be dismissed for lack of jurisdiction. The appellant countered the Secretary's argument by stating that his appeal was the functional equivalent to a writ of mandamus, and pursuant to the "catalyst theory" he is the prevailing party and entitled to EAJA fees. Furthermore, the appellant argued that EAJA fees may be granted for writs of mandamus where the Court has potential jurisdiction over the underlying matter and thus the Court could award EAJA fees in this instance as well.

## I. ANALYSIS

EAJA is a waiver of sovereign immunity, and its provisions must be strictly construed in the government's favor. *See Grivois v. Brown*, 7 Vet.App. 100, 101 (1994). The EAJA statute provides that:

> [A] court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . ., brought by or against the United States *in any court having jurisdiction of that action*, unless the court finds that the position of the United States was substantially justified or that other special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A) (emphasis added). Therefore, a Court may not award EAJA fees unless it had jurisdiction to award the relief requested during the merits litigation. *Heath v. West*, 11 Vet.App. 400, 403 (1998). It is clear from the July 1999 memorandum decision that the Court did not have jurisdiction over this matter as a result of the VARO's procedural defect. Nonetheless, the appellant argues that the Court has jurisdiction to grant him attorney fees under EAJA pursuant to the All Writs Act (AWA), 28 U.S.C. § 1651. As stated above, the appellant believes that his

2

appeal was the functional equivalent of a petition for a writ of mandamus and his application for EAJA fees should be treated as if he had filed such a petition.

Under the AWA, all federal courts have jurisdiction to issue writs "necessary or appropriate in aid of their respective jurisdiction." 28 U.S.C. § 1651(a). The AWA is designed to prevent the Court's jurisdiction from being frustrated by an unlawful act of or a failure to act by an inferior tribunal. *See generally, Heath*, 11 Vet.App. at 402-03. This Court has held that "jurisdiction to issue a writ of mandamus pursuant to the AWA relies upon not actual jurisdiction but potential jurisdiction." *Id.* at 402. Therefore, if the Court might eventually have jurisdiction over the matter if not for the unlawful actions of or failure to act by an inferior tribunal, the Court may exercise jurisdiction to issue a writ to prevent that potential jurisdiction from being frustrated. Of course, the AWA does not expand the Court's general jurisdiction but rather is to be used only for this limited purpose. *See Roche v. Evaporated Milk Ass'n*, 319 U.S. 21, 26 (1943); *In the Matter of the Fee Agreement of Cox*, 149 F.3d 1360, 1363 (Fed.Cir. 1998); *Heath*, 11 Vet.App. at 403

Regardless of whether this appeal was the "functional equivalent" of a petition for a writ of mandamus, the fact of the matter is that it was not a petition but an appeal. The AWA simply does not apply if the appellant does not file a petition for a writ, and thus, the AWA is not relevant in the Court's examination of its jurisdiction of this EAJA application. While the appellant is correct that the Court's jurisdiction to issue a writ is premised upon its potential jurisdiction over the underlying matter and that the Court may subsequently award EAJA fees in appropriate circumstances based on that potential jurisdiction, the Court must possess actual jurisdiction over this appeal from the Board in order to award EAJA fees for the appeal. Therefore, the Court must conclude that since it did not have actual jurisdiction over the appeal of the May 1997 Board decision, the underlying action in this EAJA application, the Court does not have jurisdiction to consider the EAJA application itself.

## II. CONCLUSION

Upon consideration of the foregoing analysis and the pleadings of the parties, the appellant's application for attorney fees and expenses under EAJA is DISMISSED.

STEINBERG, *Judge*, concurring: The Court holds that it does not have jurisdiction over the pending application for attorney fees and expenses under the Equal Access to Justice Act, 28 U.S.C. § 2412(d) (EAJA), based on the Court's July 20, 1999, single-judge memorandum decision that dismissed the appellant's claim for lack of jurisdiction. *Hudson v. West*, 1999 WL 554228 (Vet. App. July 20, 1999) (mem. dec.). Although I believe that that memorandum decision was legally incorrect, I am constrained to vote to dismiss the EAJA application based on the binding precedential action of the Court in *Heath v. West*, where the Court held that it must dismiss an EAJA application that is based on a merits adjudication over which the Court had no jurisdiction because, "[a]s the language of the EAJA statute makes clear, jurisdiction is a prerequisite to, not a product of, [the] application [of the EAJA]". *Heath*, 11 Vet.App. 400, 404 (1998).

I so vote reluctantly, however, because I believe that had the merits decision been correctly decided, the appellant would very likely have been entitled to an EAJA award as a prevailing party in a matter where the Secretary's position at the administrative stage was not substantially justified.[1] I have considered whether the Court could properly reach back and correct the error in the underlying memorandum decision through a recall of judgment and mandate, and I have concluded that that would not be wise as a general matter and especially in the absence of the appellant's having requested that the Court take such action.[2] I have also concluded that it would be

---

[1] *See* 28 U.S.C. § 2412(d)(1)(A); 38 U.S.C. § 7105(d)(1); 38 C.F.R. §§ 19.26, 19.29, 19.30 (1992) (relating to issuance of Statement of Case); *Holland v. Gober*, 10 Vet.App. 433, 436 (1992) (applying title 38 statutory and regulatory provisions, cited above in this note, applicable to issuance of Statement of Case); *Locher v. Brown*, 9 Vet.App. 535, 537 (1996) ("Secretary must show substantial justification for both his administrative and litigation positions" in order to avoid award of attorney fees and expenses under the Equal Access to Justice Act, 28 U.S.C. § 2412(d) (EAJA), when application therefor is timely filed by prevailing party).

[2] Although the Court has recognized that it "has the power to set aside any judgment where necessary to protect the integrity of its own processes", *McNaron v. Brown*, 10 Vet.App. 61, 63 (1997) (citing *Sargent v. Columbia Forest Products, Inc.,* 75 F.3d 86, 89 (2d Cir. 1996)), *third motion to recall judgment and mandate denied*, *McNaron v. West*, 12 Vet.App. 334 (1999) (noting that appellant had failed in two earlier motions to present argument presented in his third motion to recall judgment and mandate), there are many reasons why, in this case, it would be unwise to recall judgment and mandate. Our discretionary power to recall judgment and mandate should be used only "sparingly" and "for good cause or to prevent injustice, and only when 'unusual circumstances exist sufficient to justify modification or recall of a prior judgment.'" *Ibid.*; *see also Calderon v. Thompson*, 523 U.S. 538, 550 (1998) (reversing lower court's recall of mandate and noting that "[i]n light of the profound interests in repose attaching to the mandate of a court . . . the power [to recall such mandate] can be exercised only in extraordinary circumstances" (internal quotation omitted)); *Kutscherousky v. West*, 12 Vet.App. 369, 371 (1999) (per curiam) (recalling mandate, upon motion of the Secretary, when necessary to clarify basis for Court's earlier decision). Moreover, "the mere **questioning** of a court's reasoning, construction, or application of the relevant law is insufficient by itself to justify the recall of a mandate." *McNaron*,

4

unwise for the Court to extend *Heath, supra*, by reconsidering its jurisdiction and determining that it had **had** jurisdiction over the merits litigation and therefore has jurisdiction over the EAJA application.[3]

---

10 Vet.App. at 63 (emphasis added) (citing, inter alia, *Sargent,* 75 F.3d at 90).

In this case, the benefit lost by the appellant due to the Court's having dismissed his appeal rather than remanding his claim is that he has been denied the procedural advantage of "expeditious treatment" that he would have obtained by virtue of a Court remand of his claim. *See* Veterans' Benefits Improvements Act of 1994, Pub. L. No. 103-446, § 302, 108 Stat. 4645, 4658 (1994) (Secretary "shall take such actions as may be necessary to provide for the expeditious treatment, by the [Board of Veterans' Appeals] and by . . . [a Department of Veterans Affairs (VA) regional office (RO)], of any claim that has been remanded by" this Court). This is not the sort of "injustice" that warrants the recall of judgment and mandate. In addition, the appellant did not seek review by a panel of this Court of the legally erroneous July 20, 1999, memorandum decision, did not appeal that decision to the U.S. Court of Appeals for the Federal Circuit, and has not moved the Court to withdraw its judgment and mandate. All of these are factors that weigh heavily against the recall of judgment and mandate in this instance. *See Calderon, supra* ("[t]he sparing use of the power demonstrates [that] it is one of **last resort**, to be held in reserve against grave, unforseen contingencies"); *Hines v. Royal Indem. Co*., 253 F.2d 111, 113-114 (6th Cir. 1958) (holding that a motion to recall judgment and mandate that "attacks the correctness of the judgment as a matter of law . . . . is obviously a petition for rehearing under a different name", and denying such motion as not timely filed); *cf. Leroy v. City of Houston*, 906 F.2d 1068, 1075 (1990) (declining to withdraw judgment and mandate in case where matter had been litigated by "experienced attorneys" who "adamantly refused to file a motion to recall the mandate"). *But cf. Cohen v. Empire Blue Cross and Blue Shield*, 142 F.3d 116, 119 (2d. Cir. 1998) (sua sponte recalling mandate in order to reinstate appeal dismissed based on improper procedural ruling regarding deadline for filing motion for extension of time to file notice of appeal).

[3] In *Heath v. West*, the Court reviewed at the EAJA stage the question whether it had had jurisdiction over the underlying petition for extraordinary relief, over which it had exercised jurisdiction by denying the petition. *Heath*, 11 Vet.App. 400, 401-02 (1998). The Court determined that jurisdiction over the petition had in fact been lacking, and that no jurisdiction could thus be had over an EAJA application based on that petition. *Id.* at 404. In this case, the Court could have applied *Heath* in the opposite manner, to find that we had actually had jurisdiction over the underlying appeal, as demonstrated in part II. of this statement, and thus have jurisdiction over the EAJA application. Then, in turn, the Court could have determined that the appellant **should** have prevailed on the merits, had jurisdiction been properly exercised (and then proceeded to consider favorably the appellant's EAJA application based on the VARO's error in failing to issue a Statement of the Case, *see* text at note 1 and authorities cited in note 1, above. I have rejected this approach here because I believe that it would require the Court to engage at the EAJA stage in a "second major litigation" of the merits, a result that I believe is highly undesirable and has been strongly discouraged by the U.S. Supreme Court. *See, e.g., Jacobsen v. West*, 13 Vet.App. 35, 37 (en banc order) (Steinberg, J., dissenting) (and cases cited therein, discussing this Court's recognition of Supreme Court's admonitions against engaging in second major litigation in reaching decision on application for EAJA fees). Moreover, as pointed out in note 2, above, the appellant has not sought any such extraordinary action here and did not dispute the Court's July 1999 memorandum decision dismissing his appeal.

# I. Relevant Background

The Court's July 1999 decision set forth the following facts, upon which this concurring opinion is premised. In February 1993, a Department of Veterans Affairs (VA) regional office (RO) issued a decision denying the appellant's claim to reopen his previously and finally disallowed claim for service connection for a mental disorder. In March 1993, the appellant filed an NOD as to that February 1993 VARO decision. The RO, in response, reopened the appellant's disallowed claim but denied service connection, and, in so doing, stated: "Since this action has reopened the claim, no further action is taken on the [March 1993 NOD] . . . because it is considered favorably resolved". *Hudson*, 1999 WL 554228, at *1 (internal quotations omitted). Based on its conclusion that the action required by the March 1993 NOD had been completed, the RO "did not send the appellant a Statement of Case (SOC)". *Ibid.* In May 1997, the Board of Veterans' Appeals (Board or BVA) determined that new and material evidence had not been presented to reopen the previously and finally disallowed claim for service connection for a mental disorder.

On July 20, 1999, the Court issued a single-judge memorandum decision that dismissed the appellant's appeal on the basis that he had not filed a timely Notice of Disagreement (NOD) in connection with the May 1997 Board decision. *Hudson, supra*. On appeal to this Court, and as recited in the Court's July 1999 memorandum decision, the Secretary had conceded and the Court held "that the Board [had] committed . . . error by failing to ensure that the [RO] issue an SOC". *Id.* at *3. The Secretary's brief in the underlying case, filed in September 1998, made the following concession:

> The Secretary agrees that the RO was incorrect that the [a]ppellant's March 1993 [NOD] was "favorably resolved" in light of the RO's ultimate denial. Thus, it is the Secretary's position that there is a pending claim to reopen a claim for service connection for a psychiatric disorder . . . . ***The [a]ppellant submitted a timely [NOD] with the denial in March 1993. . . . Therefore, the Court should remand the issue*** . . . for a [S]tatement of the [C]ase to be issued on this matter.

Secretary's Brief at 11 (emphasis added). In response to the Secretary's request for a remand, the appellant filed in October 1998 a reply brief that stated that "because of the virtual agreement of the parties, the Court could view the pleadings on this issue as constituting . . . ***a joint motion for remand***." Reply at 5 (emphasis added). The Court's July 1999 memorandum decision, however,

did not remand the matter; instead, the Court dismissed the appeal for lack of jurisdiction, citing *Tablazon v. Brown*, 8 Vet.App. 359 (1995). *Hudson*, 1999 WL 554228, at *3.

## II. Analysis as to Legal Basis for Court's July 1999 Memorandum Decision

In *Tablazon*, the Court was presented with an appeal based on an NOD that had been filed in May 1976. *Tablazon*, 8 Vet.App. at 360. The Court generally has jurisdiction to review a final BVA decision only where an NOD was filed on or after November 18, 1988, *see* Veterans' Judicial Review Act, Pub. L. No. 100-687 § 402, 102 Stat. 4105, 4122 (1988) (found at 38 U.S.C. § 7251 note) [hereinafter VJRA § 402]; *Velez v. West*, 11 Vet.App. 148, 157 (1998) ("Court has no jurisdiction over an issue absent a post-November 18, 1988, NOD, expressing disagreement with an RO's decision on that issue or with an RO's failure to adjudicate that [issue]"), and, therefore, the Court in *Tablazon* correctly concluded that it lacked jurisdiction over the claim at issue there. *Tablazon*, 8 Vet.App. at 361. Although the *Tablazon* opinion does not expressly state that the limits imposed by VJRA § 402 formed the basis for its conclusion that it lacked jurisdiction over the claim, the Court has subsequently determined that *Tablazon* must have been based on the lack of a post-VJRA NOD because there was no other legal basis upon which a dismissal of the case for lack of jurisdiction could have been based. *See Evans (Billy) v. West*, 12 Vet.App. 396, 400 (1999).

The instant case is not similar to *Tablazon* because here the appellant's March 1993 NOD was clearly a post-VJRA § 402 NOD. It is now well established by the Court's caselaw that where the Court is "presented . . . with a timely NOD as to [a] claim . . . regarding which the RO has never responded by issuing an SOC as required by law and regulation", the Court **has** jurisdiction over the appeal and will "vacate the BVA decision . . . and remand [the matter] to the Board 'for appropriate procedural compliance, specifically the issuance of an SOC'." *Fenderson v. West*, 12 Vet.App. 119, 132 (1999) (quoting *Holland v. Gober*, 10 Vet.App. 433, 436 (1997)); *see also Evans (Billy), supra*; *Manlincon v. West*, 12 Vet.App. 238, 240-41 (1999). Thus, because the Court's July 1999 memorandum decision dismissing this appeal was, on its face, based on the application of the inapplicable legal precedent of *Tablazon* rather than upon the more recent precedential opinions in *Fenderson, Manlincon, Evans (Billy)*, and *Holland*, the Court's action was not legally correct.

7

However, as I have stated, I do not believe that there is an appropriate way for the Court to rectify that erroneous result at this point.

### III. Conclusion

I hope that the practice followed in the merits decision here in its misplaced reliance upon *Tablazon, supra*, will not be repeated and that, instead, in the future the Court will, in accordance with *Manlincon, Evans (Billy), Fenderson*, and *Holland*, all *supra*, consistently remand rather than dismiss as to an appealed claim where a VJRA § 402 jurisdiction-conferring NOD has been filed as to an RO decision that did not afford all relief requested on a claim raised to the RO but where an SOC (or Supplemental SOC) has not yet been issued pursuant to that NOD.