STEINBERG, Judge,
concurring:
The Court holds that it does not have jurisdiction over the pending application for attorney fees and expenses under the Equal Access to Justice Act, 28 U.S.C. § 2412(d) (EAJA), based on the Court’s July 20, 1999, single-judge memorandum decision that dismissed the appellant’s claim for lack of jurisdiction. Hudson v. West, 1999 WL 554228 (Vet.App. July 20, 1999) (mem. dec.). Although I believe that that memorandum decision was legally incorrect, I am constrained to vote to dismiss the EAJA application based on the binding precedential action of the Court in Heath v. West, where the Court held that it must dismiss an EAJA application that is based on a merits adjudication over which the Court had no jurisdiction because, “[a]s the language of the EAJA statute makes clear, jurisdiction is a prerequisite to, not a product of, [the] application [of the EAJA]”. Heath, 11 Vet.App. 400, 404 (1998).
I so vote reluctantly, however, because I believe that had the merits decision been correctly decided, the appellant would very likely have been entitled to an EAJA award as a prevailing party in a matter where the Secretary’s position at the administrative stage was not substantially justified.[1] I have considered whether the Court could properly reach back and correct the error in the underlying memorandum decision through a recall of judgment and mandate, and I have concluded that that would not be wise as a general matter and especially in the absence of the appellant’s having requested that the Court take such action.[2] I have also concluded *473 that it would be unwise for the Court to extend Heath, supra, by reconsidering its jurisdiction and determining that it had had jurisdiction over the merits litigation and therefore has jurisdiction over the EAJA application.[3]
*474 I. Relevant Background
The Court’s July 1999 decision set forth the following facts, upon which this concurring opinion is premised. In February 1993, a Department of Veterans Affairs (VA) regional office (RO) issued a decision denying the appellant’s claim to reopen his previously and finally disallowed claim for service connection for a mental disorder. In March 1993, the appellant filed an NOD as to that February 1993 VARO decision. The RO, in response, reopened the appellant’s disallowed claim but denied service connection, and, in so doing, stated: “Since this action has reopened the claim, no further action is taken on the [March 1993 NOD] ... because it is considered favorably resolved”. Hudson, 1999 WL 554228, at *1 (internal quotations omitted). Based on its conclusion that the action required by the March 1993 NOD had been completed, the RO “did not send the appellant a Statement of Case (SOC)”. Ibid. In May 1997, the Board of Veterans’ Appeals (Board or BVA) determined that new and material evidence had not been presented to reopen the previously and finally disallowed claim for service connection for a mental disorder.
On July 20, 1999, the Court issued a single-judge memorandum decision that dismissed the appellant’s appeal on the basis that he had not filed a timely Notice of Disagreement (NOD) in connection with the May 1997 Board decision. Hudson, supra. On appeal to this Court, and as recited in the Court’s July 1999 memorandum decision, the Secretary had conceded and the Court held “that the Board [had] committed ... error by failing to ensure that the [RO] issue an SOC”. Id. at *3. The Secretary’s brief in the underlying case, filed in September 1998, made the following concession:
The Secretary agrees that the RO was incorrect that the [a]ppellant’s March 1993[NOD] was “favorably resolved” in light of the RO’s ultimate denial. Thus, it is the Secretary’s position that there is a pending claim to reopen a claim for service connection for a psychiatric disorder. ... The [ajppellant submitted a timely [NOD] with the denial in March 1993.... Therefore, the Court should remand the issue ... for a [Statement of the [C]ase to be issued on this matter.
Secretary’s Brief at 11 (emphasis added). In response to the Secretary’s request for a remand, the appellant filed in October 1998 a reply brief that stated that “because of the virtual agreement of the parties, the Court could view the pleadings on this issue as constituting ... a joint motion for remand.” Reply at 5 (emphasis added). The Court’s July 1999 memorandum decision, however, did not remand the matter; instead, the Court dismissed the appeal for lack of jurisdiction, citing Tablazon v. Brown, 8 Vet.App. 359 (1995). Hudson, 1999 WL 554228, at *3.
II. Analysis as to Legal Basis for Court’s July 1999 Memorandum Decision
In Tablazón, the Court was presented with an appeal based on an NOD that had been filed in May 1976. Tablazon, 8 Vet.App. at 360. The Court generally has jurisdiction to review a final BVA decision only where an NOD was filed on or after November 18, 1988, see Veterans’ Judicial Review Act, Pub.L. No. 100-687 § 402, 102 Stat. 4105, 4122 (1988) (found at 38 U.S.C. § 7251 note) [hereinafter VJRA § 402]; Velez v. West, 11 Vet.App. 148, 157 (1998) (“Court has no jurisdiction over an issue absent a post-November 18, 1988, NOD, expressing disagreement with an RO’s decision on that issue or with an RO’s failure to adjudicate that [issue]”), and, therefore, the Court in Tablazón correctly concluded that it lacked jurisdiction over the claim at issue there. Tablazon, 8 Vet.App. at 361. Although the Tablazón opinion does not expressly state that the limits imposed by VJRA § 402 formed the basis for its con- *475 elusion that it lacked jurisdiction over the claim, the Court has subsequently determined that Tablazón must have been based on the lack of a post-VJRA NOD because there was no other legal basis upon which a dismissal of the case for lack of jurisdiction could have been based. See Evans (Billy) v. West, 12 Vet.App. 396, 400 (1999).
The instant case is not similar to Tabla-zón because here the appellant’s March 1993 NOD was clearly a post-VJRA § 402 NOD. It is now well established by the Court’s caselaw that where the Court is “presented ... with a timely NOD as to [a] claim ... regarding which the RO has never responded by issuing an SOC as required by law and regulation”, the Court has jurisdiction over the appeal and will “vacate the BVA decision ... and remand [the matter] to the Board ‘for appropriate procedural compliance, specifically the issuance of an SOC’.” Fenderson v. West, 12 Vet.App. 119, 132 (1999) (quoting Holland v. Gober, 10 Vet.App. 433, 436 (1997)); see also Evans (Billy), supra; Manlincon v. West, 12 Vet.App. 238, 240-41 (1999). Thus, because the Court’s July 1999 memorandum decision dismissing this appeal was, on its face, based on the application of the inapplicable legal precedent of Tablazon rather than upon the more recent precedential opinions in Fenderson, Manlincon, Evans (Billy), and Holland, the Court’s action was not legally correct. However, as I have stated, I do not believe that there is an appropriate way for the Court to rectify that erroneous result at this point.
III. Conclusion
I hope that the practice followed in the merits decision here in its misplaced reliance upon Tablazón, supra, will not be repeated and that, instead, in the future the Court will, in accordance with Manlincon, Evans (Billy), Fenderson, and Holland, all supra, consistently remand rather than dismiss as to an appealed claim where a VJRA § 402 jurisdiction-conferring NOD has been filed as to an RO decision that did not afford all relief requested on a claim raised to the RO but where an SOC (or Supplemental SOC) has not yet been issued pursuant to that NOD.

. See 28 U.S.C. § 2412(d)(1)(A); 38 U.S.C. § 7105(d)(1); 38 C.F.R. §§ 19.26, 19.29, 19.30 (1992) (relating to issuance of Statement of Case); Holland v. Gober, 10 Vet.App. 433, 436 (1997) (applying title 38 statutory and regulatory provisions, cited above in this note, applicable to issuance of Statement of Case); Locher v. Brown, 9 Vet.App. 535, 537 (1996) (''Secretary must show substantial justification for both his administrative and litigation positions” in order to avoid award of attorney fees and expenses under the Equal Access to Justice Act, 28 U.S.C. § 2412(d) (EAJA), when application therefor is timely filed by prevailing party).

. Although the Court has recognized that it "has the power to set aside any judgment where necessary to protect the integrity of its own processes”, McNaron v. Brown, 10 Vet.App. 61, 63 (1997) (citing Sargent v. Columbia Forest Products, Inc., 75 F.3d 86, 89 (2d Cir. *473 1996)), third motion to recall judgment and mandate denied, McNaron v. West, 12 Vet.App. 334 (1999) (noting that appellant had failed in two earlier motions to present argument presented in his third motion to recall judgment and mandate), there are many reasons why, in this case, it would be unwise to recall judgment and mandate. Our discretionary power to recall judgment and mandate should be used only "sparingly” and “for good cause or to prevent injustice, and only when ‘unusual circumstances exist sufficient to justify modification or recall of a prior judgment.’ ” Ibid.; see also Calderon v. Thompson, 523 U.S. 538, 550, 118 S.Ct. 1489, 140 L.Ed.2d 728 (1998) (reversing lower court’s recall of mandate and noting that "[i]n light of the profound interests in repose attaching to the mandate of a court ... the power [to recall such mandate] can be exercised only in extraordinary circumstances” (internal quotation omitted)); Kutscherousky v. West, 12 Vet.App. 369, 371 (1999) (per curiam) (recalling mandate, upon motion of the Secretary, when necessary to clarify basis for Court’s earlier decision). Moreover, "the mere questioning of a court’s reasoning, construction, or application of the relevant law is insufficient by itself to justify the recall of a mandate.” McNaron, 10 Vet.App. at 63 (emphasis added) (citing, inter alia, Sargent, 75 F.3d at 90).
In this case, the benefit lost by the appellant due to the Court’s having dismissed his appeal rather than remanding his claim is that he has been denied the procedural advantage of "expeditious treatment” that he would have obtained by virtue of a Court remand of his claim. See Veterans’ Benefits Improvements Act of 1994, Pub.L. No. 103-446, § 302, 108 Stat. 4645, 4658 (1994) (Secretary "shall take such actions as may be necessary to provide for the expeditious treatment, by the [Board of Veterans’ Appeals] and by ... [a Department of Veterans Affairs (VA) regional office (RO) ], of any claim that has been remanded by” this Court). This is not the sort of "injustice” that warrants the recall of judgment and mandate. In addition, the appellant did not seek review by a panel of this Court of the legally erroneous July 20, 1999, memorandum decision, did not appeal that decision to the U.S. Court of Appeals for the Federal Circuit, and has not moved the Court to withdraw its judgment and mandate. All of these are factors that weigh heavily against the recall of judgment and mandate in this instance. See Calderon, supra (”[t]he sparing use of the power demonstrates [that] it is one of last resort, to be held in reserve against grave, unforseen contingencies”); Hines v. Royal Indem. Co., 253 F.2d 111, 113-114 (6th Cir.1958) (holding that a motion to recall judgment and mandate that "attacks the correctness of the judgment as a matter of law .... is obviously a petition for rehearing under a different name”, and denying such motion as not timely filed); cf. Leroy v. City of Houston, 906 F.2d 1068, 1075 (1990) (declining to withdraw judgment and mandate in case where matter had been litigated by "experienced attorneys” who "adamantly refused to file a motion to recall the mandate”). But cf. Cohen v. Empire Blue Cross and Blue Shield, 142 F.3d 116, 119 (2d. Cir.1998) (sua sponte recalling mandate in order to reinstate appeal dismissed based on improper procedural ruling regarding deadline for filing motion for extension of time to file notice of appeal).

. In Heath v. West, the Court reviewed at the EAJA stage the question whether it had had jurisdiction over the underlying petition for extraordinary relief, over which it had exercised jurisdiction by denying the petition. Heath, 11 Vet.App. 400, 401-02 (1998). The Court determined that jurisdiction over the petition had in fact been lacking, and that no jurisdiction could thus be had over an EAJA application based on that petition. Id. at 404. In this case, the Court could have applied Heath in the opposite manner, to find that we had actually had jurisdiction over the underlying appeal, as demonstrated in part II. of this statement, and thus have jurisdiction over the EAJA application. Then, in turn, the Court could have determined that the appellant should have prevailed on the merits, had jurisdiction been properly exercised (and then proceeded to consider favorably the appellant’s EAJA application based on the VARO’s error in failing to issue a Statement of the Case), see text at note 1 and authorities cited in note 1, above. I have rejected this approach here because I believe that it would require the Court to engage at the EAJA stage in a "second major litigation” of the merits, a result that I believe is highly undesirable and has been strongly discouraged by the U.S. Supreme Court. See, e.g., Jacobsen v. West, 13 Vet.App. 35, 37 (en banc order) (Steinberg, J., dissenting) (and cases cited therein, discussing this Court’s recognition of Supreme Court's admonitions against engaging in second major litigation in reaching decision on application for EAJA fees). Moreover, as pointed out in note 2, above, the appellant has not sought any such extraordinary action here *474 and did not dispute the Court’s July 1999 memorandum decision dismissing his appeal.