GAJARSA, Circuit Judge.
ORDER
The Secretary of Veterans Affairs moves for summary affirmance of the August 14, 2000 order of the United States Court of Appeals for Veterans Claims dismissing Hinkel’s petition for fees and costs submitted under the Equal Access to Justice Act (EAJA). Merritt Hinkel opposes. The Secretary replies.
The .Court of Appeals for Veterans Claims dismissed Hinkel’s appeal of a decision by the Board of Veterans’ Appeals on the ground that it did not have jurisdiction to entertain Hinkel’s appeal because the Board had not entered a final decision on Hinkel’s claim. Hinkel did not appeal the Court of Appeals for Veterans Claims’ decision. Hinkel did, however, file an application for attorney fees and costs pursuant to EAJA, characterizing himself as a “prevailing party” in the appeal dismissed by the Court of Appeals for Veterans Claims. The Court of Appeals for Veterans Claims dismissed Hinkel’s EAJA application for lack of jurisdiction, holding that because the court lacked jurisdiction over the underlying Board decision that gave rise to the expenses, the court also lacked jurisdiction over the EAJA application.
The Secretary moves for summary affirmance based on Burkhardt v.. Gober, 232 F.3d 1363 (Fed.Cir.2000). In Burkhardt, we interpreted EAJA as extending only to fees and other expenses incurred *824 before a court having the power to hear and decide the underlying action in which the EAJA applicant incurred those fees and other expenses. See 232 F.3d at 1367. The court specifically rejected the argument that EAJA requires only that a court have “potential” jurisdiction of the underlying action. The Secretary urges that “[t]his Court’s determination in Burkhardt, that the plain language of the EAJA limits a court’s authority in awarding attorney fees and costs to cases over which it possesses actual jurisdiction, call for summary affirmance.”
We agree with the Secretary. The facts in Burkhardt are nearly identical to those in the instant case, and the outcome of this case is clearly controlled by the court’s decision in Burkhardt. Because the United States’ position “is so clearly correct as a matter of law that no substantial question regarding the outcome of the appeal exists,” summary disposition is appropriate. Joshua v. United States, 17 F.3d 378, 380 (Fed.Cir.1994).
Accordingly,
IT IS ORDERED THAT:
(1) The United States’ motion for summary affirmance is granted.
(2) Each side shall bear its own costs.