HOLDAWAY, Judge, filed the opinion of the Court. STEINBERG, Judge, filed a concurring opinion.
HOLDAWAY, Judge:
This case is before the Court on the appellant’s application for an award of attorney fees and expenses under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. In the underlying case on the merits, the appellant appealed a May 1997 Board of Veterans’ Appeals (BVA or Board) decision which found that he had not submitted new and material evidence *471 in order to reopen his claim for a mental disorder. On appeal to this Court, the Secretary conceded that the VA regional office (VARO) had erred by failing to issue a Statement of the Case (SOC) after the appellant had filed a timely Notice of Disagreement (NOD) to a November 1993 VARO decision. Pursuant to its holding in Tablazon v. Brown, 8 Vet.App. 359 (1995), the Court found that the November 1993 VARO decision had not yet become final as a result of the VARO’s error, thus precluding the Court from exercising jurisdiction over the matter. Since it did not have jurisdiction over the matter, the Court dismissed the appeal in a July 1999 memorandum decision. The Court noted, however, that the appellant’s claim before the VARO was still open and accordingly, the appellant was entitled to adjudication at the Board level for his appeal of the November 1993 VARO decision.
Subsequently, the appellant filed a timely application for attorney fees and expenses under EAJA. The Secretary responded to this application by arguing that in order for the Court to award EAJA fees, the Court must have jurisdiction over the underlying action. Since the Court found that it did not have jurisdiction over the May 1997 Board decision and dismissed the appeal, the Secretary averred that the appellant’s EAJA application must also be dismissed for lack of jurisdiction. The appellant countered the Secretary’s argument by stating that his appeal was the functional equivalent to a writ of mandamus, and pursuant to the “catalyst theory” he is the prevailing party and entitled to EAJA fees. Furthermore, the appellant argued that EAJA fees may be granted for writs of mandamus where the Court has potential jurisdiction over the underlying matter and thus the Court could award EAJA fees in this instance as well.
I. ANALYSIS
EAJA is a waiver of sovereign immunity, and its provisions must be strictly construed in the government’s favor. See Grivois v. Brown, 7 Vet.App. 100, 101 (1994). The EAJA statute provides that:
[A] court shall award to a prevailing party other than the United States fees and other expenses ... incurred by that party in any civil action ..., brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that other special circumstances make an award unjust.
28 U.S.C. § 2412(d)(1)(A) (emphasis added). Therefore, a Court may not award EAJA fees unless it had jurisdiction to award the relief requested during the merits litigation. Heath v. West, 11 Vet.App. 400, 403 (1998). It is clear from the July 1999 memorandum decision that the Court did not have jurisdiction over this matter as a result of the VARO’s procedural defect. Nonetheless, the appellant argues that the Court has jurisdiction to grant him attorney fees under EAJA pursuant to the All Writs Act (AWA), 28 U.S.C. § 1651. As stated above, the appellant believes that his appeal was the functional equivalent of a petition for a writ of mandamus and his application for EAJA fees should be treated as if he had filed such a petition.
Under the AWA, all federal courts have jurisdiction to issue writs “necessary or appropriate in aid of their respective jurisdiction.” 28 U.S.C. § 1651(a). The AWA is designed to prevent the Court’s jurisdiction from being frustrated by an unlawful act of or a failure to act by an inferior tribunal. See generally, Heath, 11 Vet.App. at 402-03. This Court has held that “jurisdiction to issue a writ of mandamus pursuant to the AWA relies upon not actual jurisdiction but potential jurisdiction.” Id. at 402. Therefore, if the Court might eventually have jurisdiction over the matter if not for the unlawful actions of or failure to act by an inferior tribunal, the Court may exercise jurisdiction to issue a writ to prevent *472 that potential jurisdiction from being frustrated. Of course, the AWA does not expand the Court’s general jurisdiction but rather is to be used only for this limited purpose. See Roche v. Evaporated Milk Ass’n, 319 U.S. 21, 26, 63 S.Ct. 938, 87 L.Ed. 1185 (1943); Cox v. West, 149 F.3d 1360, 1363 (Fed.Cir.1998); Heath, 11 Vet.App. at 403
Regardless of whether this appeal was the “functional equivalent” of a petition for a writ of mandamus, the fact of the matter is that it was not a petition but an appeal. The AWA simply does not apply if the appellant does not file a petition for a writ, and thus, the AWA is not relevant in the Court’s examination of its jurisdiction of this EAJA application. While the appellant is correct that the Court’s jurisdiction to issue a writ is premised upon its potential jurisdiction over the underlying matter and that the Court may subsequently award EAJA fees in appropriate circumstances based on that potential jurisdiction, the Court must possess actual jurisdiction over this appeal from the Board in order to award EAJA fees for the appeal. Therefore, the Court must conclude that since it did not have actual jurisdiction over the appeal of the May 1997 Board decision, the underlying action in this EAJA application, the Court does not have jurisdiction to consider the EAJA application itself.
II. CONCLUSION
Upon consideration of the foregoing analysis and the pleadings of the parties, the appellant’s application for attorney fees and expenses under EAJA is DISMISSED.