# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 98-1782

SIDNEY L. THAYER,                                          APPELLANT,

     V.

HERSHEL W. GOBER,
ACTING SECRETARY OF VETERANS AFFAIRS,              APPELLEE.


Before KRAMER, *Chief Judge*, and HOLDAWAY and STEINBERG, *Judges.*

## O R D E R

The appellant appealed from a May 1998 Board of Veterans' Appeals (Board) decision that denied his claim for service connection for schizophrenia. On February 15, 2000, the Court dismissed the appeal on the basis that, while his appeal was pending before the Court, a VA regional office had granted the appellant service connection for schizophrenia and that there was thus no case or controversy remaining. The appellant, through counsel, subsequently filed an application for attorney fees and expenses under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d). Prior to filing a response to the EAJA application, the Secretary filed a motion to dismiss, asserting that the Court lacked jurisdiction over the EAJA application. On August 10, 2000, the Court, citing *Hudson v. West*, 13 Vet.App. 470 (2000), *Kawad v. West*, 12 Vet.App. 61 (1998), and *Heath v. West*, 11 Vet.App. 400 (1998), denied the EAJA application, stating that because the underlying appeal had been dismissed for lack of jurisdiction, denial of the EAJA application was required under the Court's precedents.

On August 29, 2000, the appellant filed a motion for reconsideration of the Court's August 10, 2000, order, or in the alternative for a panel decision. He argues that *Heath* and *Hudson*, both *supra*, are inapposite because they require dismissal of the EAJA application only if the Court never had jurisdiction over the underlying appeal, whereas in the instant case the Court did have jurisdiction over the appellant's appeal when he filed a Notice of Appeal from the May 1998 Board decision.

The EAJA statute provides that:

> [A] court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . . , brought by or against the United States *in any court having jurisdiction of that action*, unless the court finds that the position of the United States was substantially justified or that other special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A) (emphasis added). In *Hudson*, the Court addressed that statutory

provision and held that "the Court must possess actual jurisdiction over [the] appeal from the Board in order to award EAJA fees for the appeal." *Hudson*, 13 Vet.App. at 472; *see also Heath*, 11 Vet.App. at 404 ("because the Court lacked jurisdiction to award the relief requested in the petitioner's petition, it also lacks jurisdiction to consider an EAJA application filed in connection with that petition").  However, the appellant's motion brings to light that the Court has not clarified whether, in order to have jurisdiction to award EAJA fees, the Court must possess "actual jurisdiction" at the time of the merits disposition or whether it is sufficient if the Court had jurisdiction at any time during the pendency of the appeal.  In order to provide such clarification, the Court will grant the appellant's motion for a panel decision.  Before rendering its decision, the Court deems it appropriate to obtain from the Secretary a response addressing the issues raised in the appellant's August 29, 2000, motion.

Upon consideration of the foregoing, it is

ORDERED that the Court's August 10, 2000, order is withdrawn.  It is further

ORDERED that the Secretary, within 30 days after the date of this order, file with the Court and serve on the appellant a response addressing the issues raised in the appellant's August 29, 2000, motion.  It is further

ORDERED that, within 14 days after service of the Secretary's response, the appellant may file a reply to that response.

DATED:  November 8, 2000                                            PER CURIAM.