STEINBERG, Judge,
concurring:
I concur in the dismissal of the appeal for lack of jurisdiction over the matter of the appellant’s claim for a retroactive award of a rating of total disability based on unemployability from August 1986 to July 1989. My views on the general merit of this claim are set forth in my dissenting statement to the Court’s 1998 denial of a panel decision. Herlehy v. West, 11 Vet.App. 448, 449-52 (1998)(per curiam order) (Steinberg, J., dissenting). I do not believe that the provisions of 38 C.F.R. § 4.16(a) (2000) (and former § 4.16(c) (1996)) were properly applied by the Board of Veterans’ Appeals (Board) in its 1996 decision. Moreover, in terms of the equities of this claim, it is notable that the very heart condition that the Board previously found had contributed to the appellant’s unemployability during the approximately three-year period in question was in July 1989 determined to be service connected and assigned a schedular 100% disability rating. Although, technically, the Board in 1996 correctly found that the appellant was not entitled to an effective date earlier than July 6, 1989, for that award, it appears that he was in fact unemployable during that period due either to the effects of his then 70% disabling service-connected post-traumatic stress disorder (PTSD) or to the combined effects of his then service-connected 70% disabling PTSD and his later-determined 100% disabling service-connected heart condition.
I note that neither the Board nor this Court can provide equitable relief. See Moffitt v. Brown, 10 Vet.App. 214, 225 (1997) (“Court is not a court of equity and cannot provide equitable relief’) (citing Harvey v. Broten, 6 Vet.App. 416, 425 (1994)); cf. Suttmann v. Brown, 5 Vet.App. 127, 138 (1993) (BVA without jurisdiction to review Secretary’s exercise of 38 U.S.C. § 503(a) equitable-relief discretion). However, the appellant is free to apply to the Secretary for the exercise of his equitable-relief discretionary authority under 38 U.S.C. § 503. See 38 C.F.R. § 2.7 (2000); Taylor v. West, 11 Vet.App. 436, 440-41 (1998); Zimick v. West, 11 Vet.App. 45, 50-51 (1998); Moffitt, 10 Vet.App. at 225 (citing, inter alia, Harrow v. Derwinski, 2 Vet.App. 303, 304-06 (1992) (section 503(a) authorizes Secretary to grant relief that is equitable in nature as distinct from Secretary’s authority, exercised through the Board, to determine entitlement to benefits under the law)); Erspamer v. Brown, 9 Vet.App. 507, 512 (1996) (because authority to grant equitable relief under section 503 is discretionary with Secretary, that authority is not appropriate ground for Court to use as basis for remand to Board).
The appellant has not asked the Court to recall its mandate and judgment as to *37 its March 18, 1998, memorandum decision regarding this claim. As I stated in my separate statement in Hudson v. West, I don’t believe it would be appropriate for the Court, sua sponte, to initiate such an action even if it believed that there had been a miscarriage of justice in this case. Hudson, 13 Vet.App. 470, 472-73 n. 2 (Steinberg, J., concurring) (appellant’s failure to move Court to recall judgment and mandate weighs heavily against Court’s exercise of discretionary power to do so).
In view of the foregoing, I am constrained to join in the Court’s dismissal of this appeal.