# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 99-609

MELVIN L. WHITELEY,                    APPELLANT,

   V.

ANTHONY J. PRINCIPI,
SECRETARY OF VETERANS AFFAIRS,         APPELLEE.

Before FARLEY, HOLDAWAY, and STEINBERG, *Judges.*

## O R D E R

In a single-judge order dated October 31, 2000, the Court denied the appellant's application for attorney fees and expenses under the Equal Access to Justice Act, 28 U.S.C. § 2412(d) (EAJA). On November 15, 2000, the appellant filed a motion for reconsideration by the single judge and, alternatively, a motion for a panel decision. On February 15, 2001, the motion for reconsideration was denied by the single judge and the motion for a panel decision was denied by the panel. On March 20, 2001, the Court received from the appellant a motion to stay entry of judgment and for panel reconsideration and a motion for a full Court decision. This motion was returned to the appellant by the Clerk of the Court with a notice that it was untimely, having been filed outside of the 21 days contemplated by Rule 35(d)(2) of this Court's Rules of Practice and Procedure (Rules) for the filing of a motion for panel reconsideration and/or for a full-Court decision.

On April 20, 2001, the appellant filed a motion requesting that the Court withdraw its February 15, 2001, order, reopen his EAJA application, and stay proceedings pending a decision by the U.S. Supreme Court in the pending (as of the date of that motion) case of *Buckhannon Board & Care Home, Inc. v. W. Virginia Dep't of Health and Human Res.*, 121 S.Ct. 1835 (2001). On May 3, 2001, the single judge denied the appellant's April 20, 2001, motion as it pertained to the portion of the February 15, 2001, order decided by the single judge (i.e., the denial of reconsideration). Finally, on May 15, 2001, the appellant filed a motion for reconsideration of that May 3, 2001, order, and a motion for a panel decision.

We will discuss separately the appellant's May 15, 2001, motion, and that portion of the April 20, 2001, motion that pertains to panel action. Because disposition of the May 15, 2001, motion is pertinent to proper disposition of the April 20, 2001, motion, the Court will first address the May 15, 2001, motion.

### *A. May 15, 2001, Motion*

As stated above, the Court's May 3, 2001, order pertained only to the single-judge portion of the February 15, 2001, order (i.e., the denial of reconsideration). Therefore, the appellant's

May 15, 2001, motion (styled as a motion for reconsideration of the Court's May 3, 2001, order, and a motion for a panel decision) is, in essence, asking for either: (1) Reconsideration by the single judge of his refusal to withdraw his denial of reconsideration of the denial of the EAJA application; or (2) a panel decision on the same issue. We see nothing in this Court's Rules that contemplates this type of motion. Rule 35 allows for motions for reconsideration, motions for a panel decision, and motions for a full-Court decision. It does not allow the appellant to keep taking bites of the same apple. The single judge here has denied the appellant three times – once on the original EAJA application, once on the appellant's motion for reconsideration, and once on his motion requesting that the single judge withdraw his order denying reconsideration. Now, the appellant is requesting that the single judge review this matter once more.

Furthermore, on the question that would be directly before the panel (i.e. whether or not to grant a panel decision on the question of the single judge's refusal to withdraw his denial of reconsideration), the appellant has presented no basis for the Court to grant a panel decision. The single judge's authority to withdraw his order denying reconsideration is entirely discretionary with him. *See generally McNaron v. Brown*, 10 Vet.App. 61, 63 (1997); *see also Hudson v. West*, 13 Vet.App. 470, 473 (2000) (Steinberg, J., concurring), *vacated on other grounds sub nom. Hudson v. Principi*, ___ F.3d ___, No. 00-7141, 2001 WL 914887 (Fed. Cir. Aug. 15, 2001). The appellant has not demonstrated that the single judge abused his discretion in refusing to withdraw his denial of reconsideration; the appellant's motion was based only on the speculative, and, as of the time of the single judge's order, unknown, potential applicability of *Buckhannon*, *supra*. The actual holding of *Buckhannon* does not change the calculus of the single judge's decision, which was then, and still is, a proper exercise of discretion. Therefore, the Court will dismiss the appellant's May 15, 2001, motion because it is not contemplated by the Court's Rules. Furthermore, because the appellant has continued to raise this issue long after the Court has denied the reconsideration he seeks, because he has provided no authority for such further review, and because he has not provided a basis for his continued filing of motions that are not contemplated by this Court's Rules, the Court will dismiss that May 15, 2001, motion with prejudice.

### B. April 20, 2001, Motion

As stated above, the appellant's April 20, 2001, motion to recall the February 15, 2001, order is still before the Court to the extent that it relates to a motion to withdraw the panel's denial of a panel decision. For many of the same reasons set forth above, we will deny this motion. As with the May 15, 2001, motion, the appellant has here likewise failed to provide an adequate rationale for the Court to exercise its discretion to withdraw the denial of a panel decision. He had an appropriate avenue to seek review of that panel decision: He could have requested panel reconsideration and/or a full-Court decision. However, his motion for panel reconsideration or a full-Court decision was untimely. Without any indication of good cause, the instant motion appears to be no more than a backdoor attempt to obtain consideration not available under this Court's Rules. Granting his motion would contemplate, at the very least, a suspension of the application of those Rules, and the appellant has not provided good cause for such action. *See* U.S. VET. APP. R. 2 ("[t]o expedite a decision, or for other good cause shown, this Court may suspend the application of any of these rules in a

2

particular case and may order proceedings in accordance with its direction").   Therefore, because the appellant's April 20, 2001, motion is not contemplated by the Court's Rules, and because the appellant has provided no authority or persuasive argument to support any further review, the Court will also dismiss his April 20, 2001, motion with prejudice.

On consideration of the foregoing , it is

ORDERED that the appellant's April 20, 2001, and May 15, 2001, motions are dismissed with prejudice as not contemplated by the Court's Rules.  The Clerk of the Court will return to the appellant any motion regarding this case that seeks reconsideration or further review in this Court.

DATED:        September 6, 2001                          PER CURIAM.

3