LINN, Circuit Judge.
 

 Elie Halpern (“Halpern”) appeals from a decision of the United States Court of Appeals for Veterans Claims (“Veterans’ Court”) dismissing Halpern’s application for attorney fees and expenses pursuant to the Equal Access to Justice Act, 28 U.S.C.
 
 *1366
 
 § 2412(d)(1)(A) (“EAJA”).
 
 Halpem v. Principi,
 
 15 Vet.App. 416 (2002). Because the Veterans’ Court erred in concluding that it lacked jurisdiction to consider Hal-pern’s EAJA fee application, we reverse the dismissal of that application and remand for further proceedings consistent with this opinion.
 

 I. BACKGROUND
 

 Halpern, an attorney, represented a veteran who sought a decision on service connection for a recurrent ankle injury. The Department of Veterans Affairs (“DVA”) granted service connection for the injury in April of 1999, with an effective date in January of 1992. In June of 1999, the Board of Veterans’ Appeals (“Board”) determined that Halpern’s attorney fees could not be paid directly by the DVA from past-due benefits, because the fee agreement between Halpern and his client did not meet the requirements of 38 U.S.C. § 5904(d).
 
 In re Fee Agreement of Halpern,
 
 No. 99-09 480, slip op. at 7 (Bd.Vet.App. June 30, 1999)
 
 (“Halpern I”).
 
 Section 5904 provides that, for a fee to be paid directly by the DVA to the attorney, the total fee provided for in the agreement “may not exceed 20 percent of the total amount of any past-due benefits awarded on the basis of the claim.” 38 U.S.C. § 5904(d)(1) (2000). Because Halpern’s fee agreement specified a fee in excess of 20 percent of the benefit award, the Board held that Halpern was not eligible for payment of his fees out of past-due benefits.
 
 Halpern I,
 
 slip op. at 7.
 

 Halpern appealed the Board’s ruling to the Veterans’ Court. While the appeal was pending, the Veterans’ Court held in an unrelated
 
 en banc
 
 decision that the Board did not have original jurisdiction to consider issues of entitlement to attorney fees in direct-payment cases under 38 U.S.C. § 5904.
 
 Scates v. Gober,
 
 14 Vet.App. 62, 64 (2000)
 
 (en
 
 banc). In September of 2000, the Veterans’ Court issued an order granting Halpern’s unopposed motion to vacate
 
 Halpem I
 
 for want of original jurisdiction under
 
 Scates
 
 and remanding the case to the Board with instructions to dismiss.
 
 Halpern v. Gober,
 
 No. 99-1472 (Vet.App. Sept.26, 2000) (unpublished decision)
 
 (“Halpem II”).
 
 This order constituted the mandate of the Veterans’ Court under Rule 41(b) of that court’s Rules of Practice and Procedure.
 
 Id.
 

 In October of 2000, Halpern filed an EAJA application for an award of attorney fees and expenses in connection with his appeal to the Veterans’ Court. In February of 2001, the Veterans’ Court requested additional briefing addressing,
 
 inter alia,
 
 whether a party that receives a remand is a prevailing party for EAJA purposes. On February 8, 2002, the Veterans’ Court dismissed Halpern’s appeal, holding that because it did not have jurisdiction over Halpern’s claim for attorney fees under the direct-payment contingency fee agreement, it lacked jurisdiction over Halpern’s EAJA claim as well.
 
 Halpern v. Principi,
 
 15 Vet.App. 416, 418-19 (2002)
 
 (“Halpern III”).
 

 Halpern appeals from the decision of the Veterans’ Court. We have jurisdiction pursuant to 38 U.S.C. § 7292.
 

 II. DISCUSSION
 

 A. Standard of Review
 

 The scope of this court’s review of a decision of the Veterans’ Court is governed by 38 U.S.C. § 7292(d):
 

 (d)(1) The Court of Appeals for the Federal Circuit shall decide all relevant questions of law, including interpreting constitutional and statutory provisions. The court shall hold unlawful and set aside any regulation or any interpretation thereof (other than a determination
 
 *1367
 
 as to a factual matter) that was relied upon in the decision of the Court of Appeals for Veterans Claims that the Court of Appeals for the Federal Circuit finds to be—
 

 (A) arbitrary, capricious, and abuse of discretion, or otherwise not in accordance with law;
 

 (B) contrary to constitutional right, power, privilege, or immunity;
 

 (C) in excess of statutory jurisdiction, authority, or limitations, or in violation of a statutory right; or
 

 (D) without observance of procedure required by law.
 

 (2) Except to the extent that an appeal under this chapter presents a constitutional issue, the Court of Appeals may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case.
 

 B. Analysis
 

 1
 

 The portion of EAJA relevant to Hal-pern’s attorney fee application is reproduced below:
 

 Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses ... incurred by that party in any civil action ... brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.
 

 28 U.S.C. § 2412(d)(1)(A) (2000). The Veterans’ Court began its analysis in
 
 Halpem III
 
 by noting that “[d]uring the entire pendency of this appeal, the Court has not had jurisdiction over the underlying claim on the merits, i.e., whether the appellant was entitled to attorney fees under a direct-payment contingency-fee agreement.”
 
 Halpern III,
 
 15 Vet.App. at 417-18. The court relied on our recent holding in
 
 Burkhardt v. Gober,
 
 232 F.3d 1363, 1367 (Fed.Cir.2000), that EAJA “extend[s] only to fees and other expenses incurred before a court ... having the power to hear and decide the underlying civil action in which the EAJA applicant incurred those fees and other expenses.” The Veterans’ Court held that the jurisdictional issue on which it disposed of the appeal in
 
 Halpem II
 
 was insufficient to confer jurisdiction to consider Halpern’s EAJA claim, requiring it to dismiss the application:
 

 [Bjecause the exercise of jurisdiction to decide its own jurisdiction is not “jurisdiction of’ a civil action for purposes of determining an EAJA award under section 2412(d)(1)(A), the Court will dismiss the appellant’s EAJA application for lack of jurisdiction.
 

 Halpern III,
 
 15 Vet.App. at 419.
 

 Halpern argues that the Veterans’ Court erred in concluding that it did not have jurisdiction over the merits of Halpern’s application in view of
 
 Hudson v. Principi,
 
 260 F.3d 1357 (Fed.Cir.2001). Halpern further argues that the Veterans’ Court “constructively recalled” its mandate in
 
 Halpem II,
 
 because that order “necessarily evinced a conclusion that the Court had jurisdiction to order relief,” and the court held in
 
 Halpem III
 
 that there was no such jurisdiction. Halpern argues that this reconsideration of the jurisdictional holding was an abuse of discretion, since there were no “extraordinary circumstances” or “grave, unforeseen contingencies” that required a recall of the mandate.
 
 See Calderon v. Thompson,
 
 523 U.S. 538, 550, 118 S.Ct. 1489, 140 L.Ed.2d 728 (1998).
 

 The government agrees that the Veterans’ Court erred in holding that it lacked jurisdiction to entertain Halpern’s EAJA
 
 *1368
 
 application. However, the government maintains that we may affirm the judgment of the Veterans’ Court on the alternate ground that Halpern is not a “prevailing party” within the meaning of EAJA, because
 
 Halpern III
 
 resulted in no “material alteration in the legal relationship of the parties” as required by
 
 Brickwood Contractors, Inc. v. United States,
 
 288 F.3d 1371, 1380 (Fed.Cir.2002), and
 
 Buckhannon Board & Care Home, Inc. v. West Virginia Department of Health & Human Resources,
 
 532 U.S. 598, 604, 121 S.Ct. 1835, 149 L.Ed.2d 855 (2001). The government further argues that the dismissal of Halpern’s attorney fee petition in
 
 Halpern III
 
 did not disturb the mandate in
 
 Hal-pem II,
 
 but merely represented an interpretation of the substance of the
 
 Halpern II
 
 order as requiring dismissal of Hal-pern’s EAJA application.
 

 2
 

 We agree with both parties that the Veterans’ Court erred in concluding that it had no jurisdiction to entertain Halpern’s EAJA fee application. In its opinion, the Veterans’ Court recognized that the issue of “whether the Board had jurisdiction to determine eligibility in the first instance in direct-payment contingency-fee-agreement cases” was properly before it for review.
 
 Halpern III,
 
 15 Vet.App. at 418. However, the court held that once it had “determined that the Board lacked jurisdiction ... that determination deprived [the Veterans’ Court] of jurisdiction over the merits of the underlying claim.”
 
 Id.
 
 The Veterans’ Court erred in focusing its EAJA jurisdictional analysis on the Board’s lack of jurisdiction over the claim for direct fee payment, rather than on the Veterans’ Court’s proper exercise of its appellate jurisdiction pursuant to 38 U.S.C. § 7252. The sole issue decided in
 
 Halpern II
 
 was, as the Veterans’ Court itself recognized, whether the Board had original jurisdiction over the claim for direct fee payment.
 
 Id.
 
 The Veterans’ Court had appellate jurisdiction to decide this question.
 
 See
 
 38 U.S.C. § 7261(a)(3) (2000) (specifying that, when reviewing Board decisions, the Veterans’ Court shall “hold unlawful and set aside decisions ... found to be ... in excess of statutory jurisdiction, authority, or limitations”). Accordingly, the Veterans’ Court had “jurisdiction of’ a “civil action” within the meaning of EAJA, and it was error for the Veterans’ Court to dismiss Halpern’s EAJA application for lack of jurisdiction.
 

 Our decision in
 
 Hudson
 
 also persuasively supports this conclusion. In
 
 Hudson,
 
 the Board initially held that Hudson had failed to file a timely appeal from a final decision of the DVA, found certain evidence submitted by Hudson not to be new and material, and refused on that basis to reopen his claim.
 
 Hudson v. West,
 
 1999 WL 554228 at *2 (Vet.App. July 20, 1999) (unpublished decision). Hudson appealed on the ground that the DVA’s failure to prepare a Statement of the Case (“SOC”) rendered the decision of the Regional Office (“RO”) non-final.
 
 Hudson,
 
 260 F.3d at 1360. The Veterans’ Court held that it lacked jurisdiction over the appeal because the RO’s failure to file an SOC tolled Hudson’s time to file an appeal, so that the appeal was then “in appellate status before the Board.”
 
 Hudson v. West,
 
 1999 WL 554228 at *3. The Veterans’ Court thus dismissed “for lack of jurisdiction,”
 
 id.,
 
 but instructed the Board to adjudicate the merits of the claim.
 
 Id.
 
 The appellant subsequently submitted an EAJA application to the Veterans’ Court. The Veterans’ Court concluded that “since it did not have actual jurisdiction over ... the underlying action in this EAJA application, the Court does not have jurisdiction to consider the EAJA application itself.”
 
 Hudson,
 
 260 F.3d at 1361 (quoting
 
 Hud
 
 
 *1369
 

 son v. West,
 
 13 Vet.App. 470, 472 (2000)). Accordingly, the Veterans’ Court dismissed the EAJA application.
 
 Id.
 
 We vacated and remanded on appeal, holding that the Veterans’ Court’s jurisdictional determination in the merits phase was erroneous and that a remand to the Board would have been the appropriate remedy.
 
 Id.
 
 at 1864. Because the Veterans’ Court had jurisdiction over the appeal from the Board’s decision, we held that it was error for the Veterans’ Court to dismiss the EAJA application for lack of jurisdiction.
 
 Id.
 
 The same conclusion applies here.
 

 The Veterans’ Court, in its analysis, relied on
 
 In re Fee Agreement of Wick,
 
 40 F.3d 367 (Fed.Cir.1994).
 
 Wick
 
 is not controlling here for the following reason. In
 
 Wick,
 
 the movant was an attorney seeking a writ of mandamus to compel the Secretary to pay him attorney fees pursuant to a fee agreement. The Veterans’ Court directed the Secretary to pay the fees. We vacated and remanded, holding that “the Court of Veterans Appeals has not been vested with original jurisdiction over Wick’s motion to compel payment by the Secretary.”
 
 Id.
 
 at 373. This principle of law is inapplicable to the case at bar, because Halpern is not seeking in this appeal to compel the Secretary to pay the attorney fees specified in Halpern’s fee agreement with his client, but rather is seeking a separate award of fees related to his Veterans’ Court appeal under EAJA.
 

 3
 

 The government contends that we may affirm the decision of the Veterans’ Court on the alternative ground that Halpern did not become a “prevailing party” as a result of the remand order in
 
 Halpern II.
 
 The government urges us to hold that because the remand order created no “material alteration of the legal relationship of the parties,”
 
 Buckhannon,
 
 532 U.S. at 604, 121 S.Ct. 1835 (quoting
 
 Tex. State Teachers Ass’n v. Garland Indep. Sch. Dist.,
 
 489 U.S. 782, 792-93, 109 S.Ct. 1486, 103 L.Ed.2d 866 (1989)), Halpern is not a “prevailing party” as a matter of law. Moreover, the government maintains that whether Halpern was a “prevailing party” within the meaning of EAJA was fully developed by the briefing of the prevailing party issue to the Veterans’ Court.
 

 Although our review of this issue is de novo,
 
 see A. Hirsh, Inc. v. United States,
 
 948 F.2d 1240, 1244 (Fed.Cir.1991), the ultimate conclusion of whether a party prevailed in an action is one of law based on findings of fact, notably whether the party has “receive[d] at least some relief on the merits of his claim.”
 
 Buckhannon,
 
 532 U.S. at 603, 121 S.Ct. 1835 (quoting
 
 Hewitt v. Helms,
 
 482 U.S. 755, 760, 107 S.Ct. 2672, 96 L.Ed.2d 654 (1987)). Our jurisdiction over appeals from the Veterans’ Court is narrowly defined, and we are precluded from reviewing the application of law to fact. 38 U.S.C. § 7292(d)(2) (2000). Under these circumstances, it is beyond the scope of our jurisdiction to address the question of whether Halpern is a “prevailing party” within the meaning of EAJA. We thus remand the question to the Veterans’ Court.
 

 4
 

 Finally, Halpern argues that the Veterans’ Court constructively recalled its
 
 Halpern II
 
 mandate and thereby abused its discretion. We do not agree. In
 
 Halpern II,
 
 the Veterans’ Court held that the Board had lacked original jurisdiction to consider the issue of Halpern’s eligibility for direct payment of a contingency fee, and thus vacated the Board’s decision and remanded with an order to dismiss. In
 
 Halpern III,
 
 the Veterans’ Court explicitly considered whether it had jurisdiction to consider the same issue on the merits .and concluded, as in
 
 Halpern II,
 
 that the RO
 
 *1370
 
 had original jurisdiction.
 
 Halpern III,
 
 15 Vet.App. at 417-18. The Veterans’ Court then erroneously equated its jurisdiction to consider the direct payment issue with its jurisdiction to consider Halpern’s EAJA attorney fee application.
 
 Id.
 
 at 418. But this in no way affected the court’s conclusion in
 
 Halpem II
 
 that the Board lacked jurisdiction to consider the direct payment issue. The mandate of the Veterans’ Court in
 
 Halpem II
 
 accordingly remains undisturbed.
 

 CONCLUSION
 

 Because the Veterans’ Court erred in determining that it lacked jurisdiction to consider Halpern’s application for attorney fees pursuant to EAJA, we reverse the dismissal of that application. The case is remanded to the Veterans’ Court for further proceedings consistent with this opinion.
 

 REVERSED AND REMANDED.