Slip Op. 05-145

UNITED STATES COURT OF INTERNATIONAL TRADE

_____
                                        :
INTERNATIONAL CUSTOM PRODUCTS,          :
INC.,                                   :
                                        :
                Plaintiff,              :
                                        : Before: Richard K. Eaton,
                                        : Judge
        v.                              :
                                        : Court No. 05-00509
                                        :
UNITED STATES OF AMERICA,               :
                                        :
                Defendant.              :
_____ :


MEMORANDUM OPINION

[Plaintiff's Motion for a Preliminary Injunction and Judgment on
the Agency Record denied; defendant's Motion to Dismiss for
mootness and lack of a justiciable controversy granted]

November 8, 2005


   *Mayer, Brown, Rowe & Maw, LLP* (*Andrew A. Nicely* and *Simeon
Munchick Kriesberg*), for plaintiff.

   *Peter D. Keisler*, Assistant Attorney General, Civil
Division, United States Department of Justice; *David M. Cohen*,
Director, Commercial Litigation Branch, Civil Division, United
States Department of Justice (*Edward F. Kenny*), for defendant.


   Eaton, Judge: This matter is before the court on the Motion

for a Preliminary Injunction and Judgment on the Agency Record[1]

_____

   [1]   Plaintiff's motion initially requested a preliminary
injunction in its prayer for relief.  Following entry of its
white sauce on September 19 and 20, however, plaintiff abandoned
that request. *See* Letter from Mayer, Brown, Rowe & Maw LLP to

of plaintiff International Custom Products, Inc. ("ICP"), and the

Motion to Dismiss of defendant United States.  By its motion,

plaintiff asks the court to (1) grant specified relief with

respect to any future entries of its merchandise and (2) grant it

attorney's fees and other costs.  Defendant asks that plaintiff's

motion be denied and makes its own motion to dismiss for mootness

and lack of a justiciable controversy.  For the reasons set forth

below, the court denies plaintiff's motion and grants defendant's

motion to dismiss.


BACKGROUND

This dispute has a substantial history.  *See Int'l Custom

Prods., Inc. v. United States*, 29 CIT __, 374 F. Supp. 2d 1311

(2005) ("*ICP I*") and *Int'l Custom Prods., Inc. v. United States*,

29 CIT __, slip op. 05-117 (Sept. 1, 2005) ("*ICP II*").  Reference

is made to these previously issued opinions for a complete

rehearsal of that history.  What follows is a brief outline of

the facts necessary to decide the instant motions.


Plaintiff is an importer of a milk-fat based white sauce

product used as an ingredient in sauces, salad dressings, and

---

U.S. Court of International Trade of 9/22/05 ("On behalf of
International Custom Products, Inc. ("ICP"), we write to inform
the Court that ICP is withdrawing its request for a preliminary
injunction.").

other food products.  On January 20, 1999, the United States

Customs Service (now the Bureau of Customs and Border Protection)

issued New York ruling letter D86228 ("Ruling Letter"), which

classified the white sauce under HTSUS 2103.90.9060 (later

numbered 2103.90.9091) as "[s]auces and preparations therefor."

Pl.'s Conf. Mem. of Points and Authorities in Supp. of Pl.'s App.

for a Temporary Restraining Order and Mot. for a Prelim.

Injunction ("Pl.'s Mem.") at 4.  The current duty rate for HTSUS

2103.90.9091 is 6.4%.  *Id*.


     As a result of the earlier litigation, on June 2, 2005, a

Declaratory Judgment was issued by this Court which, among other

things:

> **ORDERED** that the Notice of Action[2] issued to
> the Plaintiff by the Bureau of Customs and
> Border Protection ("Customs") dated April 18,
> 2005, for entry number 180-05864154, and
> including a number of entries, is declared
> null and void, and it is further
>
> **ORDERED** that Customs reliquidate no later than
> June 27, 2005, any and all entries liquidated
> pursuant to the above-referenced Notice of Action
> at tariff classification item 2103.90.9091 and at
> the rate of duty in effect for that tariff
> classification item at the time of importation;
> and it is further

---

   [2]   The legality of the Notice of Action, which would have
effectively reclassified plaintiff's white sauce under HTSUS
0405.20.3000 with a substantially higher duty, was the subject of
the litigation resulting in the June 2, 2005, Declaratory
Judgment.  *See ICP I*, 29 CIT __, 374 F. Supp. 2d 1311.

> **ORDERED** that New York letter ruling number
> D86228 dated January 20, 1999 remains in full
> force and effect for the merchandise
> described therein until such time as Customs
> revokes or modifies the ruling in compliance
> with the procedures set forth in 19 U.S.C. §
> 1625 and regulations relating thereto . . . .

Decl. J. Order of 6/2/05.

Thereafter, the United States sought to stay the effect of the Declaratory Judgment both in this Court and, as it had appealed to the United States Court of Appeals for the Federal Circuit ("CAFC"), in that Court as well.  All stays have now either expired by their terms or have been denied.  *See ICP I*, 29 CIT __, 374 F. Supp. 2d 1311 (USCIT Order of 6/20/05 and CAFC Order of 6/27/05).  As a result, the Declaratory Judgment, although on appeal, remains in effect.

On June 13, 2005, Customs' Office of Finance, apparently having been made aware of the Court's Declaratory Judgment, sent a letter to plaintiff requesting a continuous bond of $400,000 on entries of the white sauce.[3]  *See* Pl.'s Ex. A-8.  On June 17, 2005, however, when plaintiff sought to enter its merchandise, it was informed that in addition to the $400,000 continuous entry bond, it would be required to post a single entry bond for each

---

[3]     A continuous bond is intended to secure payment of duties, taxes, or other charges on the imported merchandise.  *See* 19 C.F.R. § 113.62.

entry equal to three times the value of the merchandise entered. Thus, for a typical entry valued at $2.1 million, plaintiff would be required to post a single entry bond in the amount of $6.3 million, in addition to the $400,000 continuous entry bond. Pl.'s Mem. at 11. As a result, plaintiff did not enter its merchandise.

On September 12, 2005, plaintiff commenced the present action "to challenge [the] prohibitive bond requirements that were imposed for the unlawful purpose of preventing ICP from importing white sauce in accordance with an advance classification ruling that the company obtained more than six years ago . . . ." Compl. at 1. Plaintiff claimed that by imposing the single entry bond requirement, Customs sought to nullify both this Court's Declaratory Judgment and plaintiff's statutory due process protections by effectively reclassifying plaintiff's white sauce under a classification requiring a higher duty.

On September 15, 2005, this court entered a temporary restraining order which instructed Customs to rescind all single entry bond requirements imposed on plaintiff's white sauce. The temporary restraining order was stayed pending the outcome of court-ordered mediation, but came into full force and effect on September 19, 2005, when the stay was lifted. Thereafter,

Customs complied with the court's order, and on September 19 and 20, 2005, all of plaintiff's merchandise subject to the single entry bond requirements was entered into the United States. Plaintiff claims jurisdiction under 28 U.S.C. § 1581(i). Defendant does not dispute this claim.


DISCUSSION

Although all entries that were the subject of the single entry bonds have now entered the United States, plaintiff still insists that the court grant it relief.  The essence of plaintiff's continuing claim is that when it seeks to enter its white sauce in the future, it will be faced with a renewed demand for single entry bonds or the imposition of other "requirements or restrictions."  Compl. at 17.  As set forth in the Request for Judgment and Relief portion of the complaint, plaintiff seeks to enlist the court on its behalf by seeking a judgment:

(1)   declaring the Bond Requirements null and void *ab initio*, both with respect to shipments of white sauce currently in storage in ICP's Customs bonded warehouse and all future entries of white sauce;

(2)   declaring that the continuous-entry bond of $400,000 required by the Office of Finance is the only bond that Customs may impose with respect to ICP's white sauce entries until such time as

Defendant revokes NYRL D86228 in accordance with 19 U.S.C. § 1625(c), 19 C.F.R. § 177.12, the "compelling reason" standard, the APA, and the Constitution;

(3) enjoining Defendant from imposing any bond requirement other than or in excess of the $400,000 continuous-entry bond required by the Office of Finance until such time as Defendant revokes NYRL D86228 in accordance with 19 U.S.C. § 1625(c), 19 C.F.R. § 177.12, the "compelling reason" standard, the APA, and the Constitution;

(4) enjoining Defendant from imposing requirements or restrictions of any kind that would in any way impede ICP's ability to enter additional white sauce, other than those requirements or restrictions that were in place prior to March 1, 2005, until such time as Defendant revokes NYRL D86228 in accordance with 19 U.S.C. § 1625(c), 19 C.F.R. § 177.12, the "compelling reason" standard, the APA, and the Constitution;

(5) vacating all Notices and other actions carried out in accordance with the Bond Requirements;

(6) ordering Defendant to pay to ICP the reasonable attorney fees, expenses, and court costs incurred

> by ICP and as to which it is entitled under the
> Equal Access to Justice Act;

(7)    ordering that the revocation process for ICP's
       ruling, which Customs commenced by publishing a
       notice of proposed revocation in the Customs
       Bulletin on August 24, 2005, be stayed until
       Customs rescinds the Bond Requirements, so that
       ICP is able to import in reliance of its ruling
       during the notice and comment period, as provided
       for in Section 1625(c); and

(8)    awarding ICP such other and further relief as the
       Court deems appropriate.

Compl. at 16-18.

Defendant contends, however, that this court lacks subject matter jurisdiction to hear plaintiff's claims based on the doctrines of mootness and justiciability.[4]  Defendant insists

---

[4]    The outer limits of the federal courts' subject matter jurisdiction are set forth in Article III, Section 2 of the U.S. Constitution, which states:

> The judicial Power shall extend to all Cases, in Law
> and Equity, arising under this Constitution, the Laws
> of the United States, and Treaties made, or which shall
> be made, under their Authority;—to all Cases affecting
> Ambassadors, other public Minister and Consuls;—to all
> Cases of admiralty and maritime Jurisdiction;—to
> Controversies to which the United States shall be a
> Party;—to Controversies between two or more
> States;—between and State and Citizens of another

that:

> In this case, the only entries belonging to ICP which
> are actually located in the United States and/or for
> which ICP was required to post single entry bonds were
> the eleven warehouse entries.  No other entries were
> subject to these single entry bond requirements; no
> other entries were in fact subject to any type of
> increased bonding requirements (other than, of course,
> the [$400,000] continuous entry bond requirement).
> Indeed, ICP has not even attempted to enter any other
> merchandise into the United States other than that in
> the eleven warehouse entries.
>
> Because the temporary restraining order required
> Customs to permit entry of these eleven warehouse
> entries without single entry bonds, and Customs did so,
> **no entry of any nature exists which can be the subject
> of ICP's present action**, and consequently, this action
> should be dismissed for lack of justiciable issue and
> mootness.

Def.'s Resp. to Pl.'s Mots. for Prelim. Injunction and for J. on

the Agency R. ("Def.'s Resp.") at 9 (emphasis in original).


With respect to any claim plaintiff might concerning future

entries, defendant states:

> As to the other claims made by ICP in its complaint
> regarding possible future entries, jurisdiction does
> not lie over these claims.  As noted previously, in
> order to plead a justiciable case or controversy, ICP
> must have alleged "a real and substantial controversy
> admitting of specific relief through a decree of a

---

State;—between Citizens of different States;—between
Citizens of the same State claiming Lands under Grants
of different States, and between a State, or the
Citizens thereof, and foreign States, Citizens or
Subjects.

U.S. Const., Art. III; § 2, cl. 1.

conclusive character, as distinguished from an opinion advising what the law would be **upon a hypothetical state of facts**."

Here, ICP has not attempted to make any other entries other than the eleven warehouse entries. It indeed claims that the remainder of its merchandise is in a warehouse in New Zealand. Similarly, Customs has not required ICP to provide single entry bonds for any other entry. Therefore, entry by ICP of any other merchandise other than that in the eleven warehouse entries is purely speculative. Whether Customs would require single entry bonds for these speculative entries is hypothetical.

Def.'s Resp. at 12 (citation omitted)(emphasis in original).

I.___Plaintiff's Claims Under Paragraphs (1), (5), and (7) of the
      Request for Judgment and Relief[5] are Moot

Defendant insists that, at least with respect to plaintiff's

merchandise that has been entered into the United States, this

case is moot.

In this case, the final relief sought by ICP was entry of its eleven warehouse entries without having to post single entry bonds, and protection for its future entries. In having its application for a temporary restraining order granted, ICP received all of the relief it sought regarding the eleven warehouse entries – its entries were admitted without single entry bonds. ICP received permanent relief on this issue as well through the temporary restraining order, because once its entries were made without single entry bonds, even

_____

[5]     While the court references paragraphs from the complaint's Request for Judgment and Relief, these paragraphs correspond to the counts found in the complaint as follows: Count I, paragraphs 1, 5, and 7 of the Request for Judgment and Relief; Count II, paragraphs 1, 5, and 7; Count III, paragraphs 1, 2, 3, 4, and 8; Count IV, paragraphs 1, 2, 3, 4, 5, 7, and 8; Count V, paragraphs 1, 2, 3, 4, 5, 7, and 8; and Count VI, paragraphs 1, 2, 3, 4, 5, 7, and 8.

> if [defendant] were to prevail on the merits of the
> preliminary injunction or ICP's motion for judgment on
> the administrative record, Customs cannot retroactively
> seek a higher entry bond because the entries were
> already made.

Def.'s Resp. at 11-12.


Generally, a case is moot when the relief sought has been attained.  In order for a case to escape dismissal for mootness, "[i]t must be a real and substantial controversy admitting of *specific relief* through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts."  *Aetna Life Ins Co. v. Haworth*, 300 U.S. 227, 241 (1937)(emphasis added).  Here, because all of the white sauce subject to the single entry bond requirements has been entered, and there is no present demand for single entry bonds, the relief sought in paragraphs (1)(declaring the single entry bond requirements null and void) and (5) (vacating notices and other actions relating to the single entry bond requirements) of the Request for Judgment and Relief has been attained.  Likewise, the relief sought in paragraph (7) (seeking a stay of the administrative action to revoke the Ruling Letter until the single entry bond requirements were rescinded) has been attained as well.  Plaintiff's case, therefore, insofar as it is contained in those paragraphs, is moot.  Because "[m]oot cases do not present live controversies . . . federal courts have no

jurisdiction to decide them." *Kimberly-Clark Corp. v. Procter & Gamble Distrib. Co., Inc.*, 973 F.2d 911, 913 (Fed. Cir. 1992). As a result, this court finds that it has no jurisdiction to grant the desired relief in paragraphs (1), (5), and (7) of the Request for Judgment and Relief.


II.  Plaintiff's Claims under Paragraphs (2), (3), (4), and (8) of the Request for Judgment and Relief Are Based on Speculation and Are Thus Not Ripe and Do Not Present Justiciable Controversies

While one part of a controversy may be rendered moot, other issues in a case may remain alive and the proper subject of this Court's jurisdiction.  With respect to certain other requests for relief based on claims made in the complaint, however, the court finds that they are not ripe for adjudication and therefore do not present a justiciable controversy.  The purpose of the ripeness doctrine is "to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements over administrative policies, and also to protect the agencies from judicial interference until an administrative decision has been formalized and its effects felt in a concrete way by the challenging parties."  *Abbott Labs. v. Gardner*, 387 U.S. 136, 148 (1967); *see also Nat'l Right to Life Political Action Comm. v. Connor*, 323 F.3d 684, 692 (2003).  A claim is not ripe for adjudication if it rests upon "'contingent future events

that may not occur as anticipated, or indeed may not occur at all.'" *Texas v. United States*, 523 U.S. 296, 296 (1998) (quoting *Thomas v. Union Carbide Agric. Prods. Co.*, 473 U.S. 568, 580–81 (1985)).

Here, plaintiff has no merchandise either in the United States ready for entry or in transit. *See* Tr. of 9/15/05 at 17. Nor is it certain that there will be any future imports. Plaintiff may, for instance, decide that it will purchase the white sauce from a domestic producer. Beyond the question of whether there will be any future entries, it is further not known the extent to which plaintiff, at some future time, will be entitled to enter its merchandise subject to the continuous entry bond alone. For instance, there is no way of knowing whether plaintiff, on the future date of a hypothetical white sauce entry, will have a history of timely compliance with Customs' requirements with regard to other merchandise it might import.[6]

---

[6] Title 19 C.F.R. § 113.13(b) sets the guidelines for determining the amount of a bond, including:

(1) The prior record of the principal in timely payment of duties, taxes, and charges with respect to the transaction(s) involving such payments;

(2) The prior record of the principal in complying with Customs demands for redelivery, the obligation to hold unexamined merchandise intact, and other requirements relating to enforcement and administration of Customs and other laws and regulations; [and] . . .

(5) The prior record of the principal in honoring bond commitments, including the payment of liquidated

As a result, it is not known, nor is it knowable, whether Customs' regulatory guidelines dealing with bond requirements will come into play.  Similarly, it is within the Port Director's discretion[7] to determine the type of security demand that will be imposed on merchandise based on the facts at the time of entry. Thus, for instance, the Port Director, on the date of a future entry, may have legitimate concerns about whether the duty on the entry ultimately will be paid.  Therefore, the Port Director may rightfully conclude that the entry of plaintiff's merchandise would place the revenue of the United States in jeopardy and demand further security.

As the foregoing examples indicate, plaintiff's claims for future relief rest on the premise that the facts with respect to the entry of its merchandise will not change.  They are therefore based on "speculative contingencies [that] afford no basis for [the court] passing on the substantive issues the appellants would have [the court] decide . . . ."  *Hall v. Beals*, 396 U.S. 45, 49 (1969).  For example, paragraph (2) of plaintiff's Request

damages . . . .

[7]     Under 19 C.F.R. § 113.13(d), if the Port Director "believes that acceptance of a transaction secured by a continuous bond would place the revenue in jeopardy or otherwise hamper the enforcement of Customs laws or regulations, he shall require additional security."  *Id*.

for Judgment and Relief asks the court to declare that the continuous entry bond of $400,000 required by the Office of Finance is the only bond that Customs may impose on its white sauce.  This request is thus based on the supposition that there will be future entries and that the facts as to these entries will otherwise remain static.  In like manner, the relief requested in paragraphs (3)(seeking an injunction against the imposition of any bond requirement other than the $400,000 continuous bond), (4) (seeking an injunction preventing Customs from imposing requirements or restrictions of any kind that would impede plaintiff from importing its white sauce until the Ruling Letter is revoked), and (8) (seeking other and further relief) are equally speculative.  Because the requests for relief in paragraphs (2), (3), (4), and (8) are speculative, the court declines to hear them on the grounds that they are not ripe for adjudication and therefore do not present a justiciable case or controversy.  *See Am. Spring Wire Corp. v. United States*, 6 CIT 122, 124, 569 F. Supp. 73, 75 (1983)("Straying into a prediction of future events is no substitute for showing an actual controversy, or even one that is likely to recur."); *see also* Charles Alan Wright, Arthur R. Miller,& Edward H. Cooper, *Federal Practice and Procedure* § 3532, at 112 (2d ed. 2002)(stating that with respect to ripeness, "[t]he central concern is whether the case involves uncertain or contingent future events that may not

occur as anticipated, or indeed may not occur at all.").

III.        Plaintiff Is Not Entitled to Attorney's Fees and Other
            Costs Under the Equal Access to Justice Act

Plaintiff cannot be granted the relief sought under paragraph (6) of the Request for Judgment and Relief requesting "attorney['s] fees, expenses, and court costs," pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412, because the court has found that it does not have jurisdiction over the underlying claims. *See Hudson v. Principi*, 260 F. 3d 1357, 1363 (Fed. Cir. 2001) ("This court and others have established that there cannot be an award of attorneys' fees unless the court has jurisdiction of the action.").  Therefore, the court denies so much of plaintiff's motion as seeks this relief.

CONCLUSION

For the foregoing reasons, plaintiff's Motion for Judgment on the Agency Record is denied and defendant's Motion to Dismiss is granted.  Judgment shall be entered accordingly.

                                        /s/ Richard K. Eaton
                                        Richard K. Eaton

Dated:     November 8, 2005
           New York, New York